Owens v. Andrew County Court.

————————♦————————

AMOS F. OWENS, Petitioner, *v.* ANDREW COUNTY COURT, Respondent.

1. *Certiorari should be instituted in Circuit Court.*—Unless for special reasons full justice cannot be done by commencing proceedings in *certiorari* in the Circuit Court, this practice will always be required.

2. *Collector — Accounts — Investigation of by County Court — Certiorari — Construction of statute.*—Where a County Court ascertained a balance to be due from the county collector to the county, ordered its payment, and, on his failure to respond, rendered judgment by default against him at the next term and ordered execution to issue thereon (see Gen. Stat. 1865, p. 228, §§ 19–26), *held:*

1st, that the action of the court was judicial and subject to review on *certiorari.*

Owens v. Andrew County Court.

2d, that the above provisions were not repealed by implication by the act of 1863–4 (Gen. Stat. 1865, p. 130, § 128), providing for a different method of rendering judgment. The former statute is still in force. (Saline County Subscription case, 45 Mo. 52, commented on.)

3. *Collector's accounts — What mode of proceeding — Ten per cent. penalty — Examined by County Courts.*— The statutes (Gen. Stat. 1865, p. 228, §§ 19–26) were never intended to clothe County Courts with the general power of overhauling all past accounts of collectors. If a settlement regularly made and approved is to be impeached after the term of court has lapsed, and especially after the collector has gone out of office, it cannot be reached by a proceeding under the statute, but the end must be accomplished by an ordinary action; and in a proper case the courts will correct the error of the agents of the county in approving and recording an improper settlement, by giving judgment against the collector for any amount found to be still due the county, notwithstanding such approval. But in such adjustment the ten per cent. penalty to be added by the collector under the statute (Gen. Stat. 1865, p. 114, § 24) should not be charged against him.

## *Petition for Certiorari.*

*H. S. Kelley*, for petitioner.

The court had no jurisdiction. The statute under which the proceedings were had, so far as it relates to collectors, was superseded and repealed by the act of 1864 (Sess. Acts 1863–4, p. 61). Every affirmative statute repeals by implication a preceding affirmative statute so far as the same is contrary thereto. (Dwar. Stat. 573; Spence v. State, 5 Ind. 41; *id.* 500; 2 Ind. 440; 6 Ind. 146; 13 How. 429; Smith v. State, 14 Mo. 147; 26 N. Y. 169.) The act of 1863–4 professes to provide a complete system for the collection of the whole revenue, State and county, and it in fact contains a system perfect and complete in all its parts, providing a summary proceeding and a speedy remedy in the Circuit Court against a defaulting or delinquent collector, and, according to the principles of the law, repeals by implication even the statute under which the proceedings were had in this case in the County Court. If we were left in this instance to rely upon a repeal by implication alone, there might be some plausibility in contending for a construction of these statutes *in pari materia*, but the act of 1863–4 expressly repeals all laws of a general nature that are contrary to or inconsistent with it. This court has undoubtedly, in such cases as this, regarded the authority of

the County Court as superseded and repealed by the statute referred to. In the Saline County Subscription case, 45 Mo., on p. 55, the court says: "This court, in County of St. Louis v. Sparks, 11 Mo. 201, seems to treat the action of the County Court against a defaulting collector as judicial, it having been based upon the provisions of article II of an act concerning county treasurers, in the revision of 1835 (p. 151) — a very different statute from the one now in force, and one that made it the duty of the County Court to render judgment against the defaulter."

After the collector had made his regular settlement at the expiration of his term of office, if, by mistake or otherwise, any money belonging to the county remained in his hands, proceedings could not be had against him summarily and without notice to him in the County Court; and an order entered up demanding of him a sum of money which had not been claimed when the settlement was made, would be invalid. In such case the proper course would be to proceed in the Circuit Court by motion, as provided in section 128 of the revenue law, or by action on his official bond, or to open up the settlement; and in either case he would be entitled to notice and might contest the validity of the demand. The collector was entitled to ten per cent. as his fees and costs for his extra trouble in collecting the delinquent taxes.

*Higgins, Strong & Chandler*, for respondent.

This proceeding in the County Court was not such a judicial proceeding as will authorize its action to be reviewed on a *certiorari*. (Saline County Subscription case, 45 Mo. 52.)

But if the court should determine that this case is properly here, and should decide to look into the merits of the settlement of the County Court with the defendant, the respondent contends that, upon the facts shown in the record before it, the settlement was correct and the judgment is right.

Even admitting that section 6, p. 96, Sess. Acts 1863–4, repealed the sections now numbered 19 to 23, p. 228, Gen. Stat. 1865, yet by their incorporation into the General Statutes they were re-enacted. There is no repeal by implication. The two statutes provide different methods of procedure and different pen-

alties, and against different persons. There is in them not only no conflict, but there is hardly a shadow of similarity in their objects.

This court, in 46 Mo. 386, decides that this proceeding was authorized under the law.

BLISS, Judge, delivered the opinion of the court.

Contrary to the usual practice, we allowed this writ without requiring the relator to commence in the Circuit Court. Unless for special reasons full justice cannot be done by the latter course, it will always be required.

The relator was sheriff and collector for Andrew county from 1864 to December 31, 1868. During this period he made his settlements with the County Court regularly and paid over all balances found due into the county treasury. In January, 1869, a newly-constituted County Court, whose judges appear to have held different views from their predecessors upon the principal matters hereinafter to be considered, appointed a committee consisting of one of the judges and its clerk, to examine the accounts of the treasurer and the collector, and the committee reported that the collector had properly accounted for the amounts charged him upon the assessment rolls, but that he had collected of the taxes of 1866 and 1867 the sum of $14,123.77 upon the delinquent lists; that in collecting this sum he either collected or should have collected a ten per cent. penalty amounting to $1,412.37, but that he failed to account for this latter sum and should be charged therewith. The court then directed their clerk to demand this sum of the relator, and the clerk reported that he refused to pay it. Whereupon, at the May term following, an order was entered upon the record reciting the facts and directing the said Owens to pay the sum of $1,412.37 into the county treasury, or, in default, that he should be charged with ten per cent. penalty thereon, and a copy of the order was served upon him. On the fourth day of the August term following, the court entered up judgment by default against him for said sum and penalty, amounting to $1,553.82, to bear thirty per cent. interest; but subsequently, during the said term, the said Owens appeared and moved to set

aside the judgment and for leave to resist the claim, for reasons named; but his motion was overruled and he appealed. The appeal was dismissed in the Circuit Court, and the judgment of dismissal was affirmed in this court. (Andrew County v. Owens, 46 Mo. 386.)

The relator now seeks to review the proceedings of the County Court by *certiorari*, and is met with the objection that the writ will not lie because the proceedings to be reviewed were not judicial. (See Saline County Subscription case, 45 Mo. 52.)

It is held in Marion County v. Phillips, 45 Mo. 75, that the approval and entry upon the records of the County Court of a settlement by the court with the county collector was not a judgment, and that the settlement could be opened and corrected if a mistake had occurred. To that we still adhere, and the defendants in the case at bar, acted upon the doctrine of that case when they undertook to open settlements previously recorded and charged the relator with items that should, as they claim, have been included in the settlement. But this proceeding varies radically from the ordinary settlement required by the statute. While the latter is but the presentment of an account by one public agent and its examination by other public agents appointed for the purpose, and the entry of such accounts on the books of the county — a proceeding involving no judgment or action analogous to a judgment — the action of the court now under review is as clearly judicial as any proceeding of a court of record. The court commences with an inquiry into settlements already had, and charges that the collector has not rendered true accounts. It ascertained the balance to be still due the county, and, upon his failing to appear upon the first day of the next term, rendered judgment against him and ordered execution. A prosecutor is the only thing wanting to make it like an ordinary suit; but the law authorizes the County Court to represent the county, and also to act as a court and render judgment in its favor. The rendition of judgment and order of execution being judicial, the action of the court in ascertaining the alleged liability of the relator becomes a judicial inquiry, and their whole proceedings in the premises come up for review under the writ.

The relator asks that the proceedings under review be set aside, first, because the court had no jurisdiction of the case, and for two reasons: 1st, the statute under which the court acted had been repealed; and, 2d, the relator, under the statute, had passed out of the jurisdiction of the court.

The provisions of the statute upon which the action complained of was based have been in force ever since the revision of 1835, and are embraced in sections 19 and 26, chapter 38, Gen. Stat. 1865 (Wagn. Stat. 412–13). It is claimed that they are repealed by implication by the revision act of 1863–4, providing for a different mode of rendering a judgment against defaulting collectors. The revision of 1865 preserved parts of both acts and repealed all that were not embraced in such revision. The two acts — to-wit: the one " of the assessment and collection of the revenue," and the one " of the county treasuries " (Gen. Stat. 1865, p. 225) — in general, made provisions upon different subjects and were not intended to conflict with each other; still there may have been some provisions in each upon the same subject and some cumulative remedies. It is unnecessary to examine them in detail, or consider specifically all the grounds so ingeniously urged by counsel to sustain his view. It is enough to say that, in our own view, both provisions — to-wit: the one under which this proceeding was had (Gen. Stat. 1865, p. 228), and the one in the revision act, first provided in the act of 1863–4 (Gen. Stat. 1865, p. 130, § 128) — could stand without destroying each other; and it is unnecessary to consider the doctrine of repeals by implication as applied to them. (See State v. Draper, 47 Mo. 29.) In the matter of the Saline County Subscription, 45 Mo. 55, I inadvertently intimated that the provision authorizing County Courts to render judgment in cases like the present was no longer in force; and I am glad of an opportunity to say that that intimation was unnecessary and erroneous, and furnishes an illustration of the liability to mistake when judges go outside of the immediate subject under investigation.

Relator objects, secondly, to the court's jurisdiction because he had gone beyond its control by means of this summary proceeding. The record shows that he had made his settlements regu-

larly, that they had been approved and entered upon the records, and that there had been no concealment; but that, when such settlements were made, the county judges were of opinion that the ten per cent. in controversy belonged to the relator, and settled with him accordingly; and that, after the expiration of his term of office, and when new judges had come into power who entertained a different view, this proceeding was commenced.

It is a principle of universal recognition that all statutory provisions authorizing proceedings of a summary character, and contrary to the course of the common law, are to be strictly construed; and they will not be held to deprive one of a regular trial by due course of legal proceedings if any other construction can be given them. An examination of the statute under consideration plainly shows that, so far as collectors are concerned, its object is to compel them to render and settle their accounts as required by section 19. If the collector "shall neglect or refuse to render true accounts or settle with the County Court at each stated term thereof, then the court shall adjust the account of such delinquent according to the best information they can obtain, and ascertain the balance due the county; and if he shall refuse to pay over the balance as ascertained, or appear and show cause for setting aside the settlement, then judgment shall be rendered against him for such balance, with ten per cent. penalty, and the whole to draw interest at the rate of thirty per cent." (§§ 22–3.)

When is this adjustment of accounts and ascertainment of the balance to be made? Must it be at the time the accounting is due, and when the collector refuses to account, or renders untrue accounts? or may the court wait a year or more, and then adopt the summary proceeding? And, further, is their power confined to present collectors — to those over whom they have present jurisdiction — or may they by this proceeding overhaul the accounts of all the collectors who have gone before them? In a word, is their power in this regard confined to the sphere of their immediate duty — i. e., to settling quarterly with the collector, or for the current fiscal year — or is it general in its character?

We are of the opinion that the statute never intended to clothe them with this general power; but if they desire to overhaul past

transactions, as they may well do in case of fraud or mistake, they must proceed by ordinary action, as was done in Marion County v. Phillips. If a settlement regularly made and approved is to be impeached after the term of court has lapsed, and especially after the collector has gone out of office, it must be done by regular judgment; and in a proper case the courts will correct the errors of the agents of the county in approving and recording an improper settlement, by giving judgment against the collector for any amount found to be still due the county, notwithstanding such approval. I do not mean to be understood as saying that at his annual final settlement the collector may not be required to account for all the items improperly omitted in the previous quarterly settlement, and may not be proceeded against for neglecting to do so, for it is his obvious duty thus to account, and the matter has not passed beyond the jurisdiction of the court; but only to hold that in cases like the one under consideration the court has lost its power to proceed under the statute.

In Price v. Johnston County, 15 Mo. 433, the collector had made a fraudulent settlement which was entered upon record. A few days after, and during the same term, the County Court discovered the fraud and vacated the order of settlement, and proceeded under the statute to ascertain the amount due and render judgment. Their action was sustained, upon the familiar ground that the term was not ended, and during its continuance the matter was open, the court had control of its records, and might vacate any order made during the term, and, upon notice, resume the consideration of the matter.

But, in addition to the want of jurisdiction over him, the relator claims, secondly, that the ten per cent. with which he is charged belonged to him as "costs and fees;" that in most instances he did not in fact collect this per cent. ; and that, inasmuch as it belonged to him, he had a right to remit it.

The statute has been since changed, expressly requiring the collector to account for this penalty; and as the construction as it then stood is no longer of public importance, I will but briefly consider it. The revision act of 1863–4, incorporated with some changes in the revision act of 1865, provided for the first time

that the collector should receive taxes in the several townships of the county; and with reference, perhaps, to that additional duty, it provided in section 24 (Gen. Stat. 1865, p. 114) that, with certain exceptions in favor of soldiers, if the tax-payer shall not pay to the collector when he visits the several townships, or at his office at the county seat, before the first of December, it shall be the duty of the collector to add an additional tax of ten per cent. upon the amount of the taxes of such tax-payer as "costs and fees," etc. No subsequent provision varies or in any manner qualifies the object of adding this ten per cent. Is there any room for misconstruction? The addition is made expressly as " costs and fees." Whose " costs and fees" are thus provided for? If it be said that the costs of advertising and the cost of making a copy of the delinquent list placed by the clerk in his hands are part of such costs, then this amount should in each case have been ascertained and the collector have been required to pay them; but until the subsequent legislation disposing of this ten per cent., the County Court had no right to charge it to the collector in gross, if at all.

All the proceedings of the County Court in the premises will be reversed. Judge Wagner concurs. Judge Adams absent.