THE STATE TO THE USE OF BATES COUNTY, APPELLANT, v. SMITH, ET AL.

1. **Collector's Settlement with County Court:** CLERK'S QUIETUS. A settlement by a collector of the revenue with the County Court and the Clerk's quietus to him are *prima facie* evidence that he has accounted for and paid over all funds that have come to his hands by virtue of his office, but are no bar to an action against him and the sureties in his bond to recover funds not accounted for. They

may be explained or set aside as made through fraud or mistake. It is not necessary to resort to a direct proceeding to vacate the settlement.

2. **Appeal:** RIGHT OF, WHEN NOT LOST. When, in the progress of a cause, the trial court has held that a state of facts whose existence is admitted constitutes a complete bar to the suit, the refusal of plaintiff at the trial to offer evidence in support of his case does not deprive him of the right of appeal.

*Appeal from Vernon Circuit Court.*—HON. JOHN D. PARKINSON, Judge.

*R. O. Boggess* for appellant.

In settling with collectors the county court acts as a fiscal agent. Its proceedings are not judicial, and have none of the effects of judgments. *Phelps County v. Bishop,* 46 Mo. 68; *Reppy v. Jefferson County,* 47 Mo. 66; *Owens v. Andrew County,* 49 Mo. 372; *State ex rel. Morgan County v. Lutman* 63 Mo. 210.

*J. L. Smith with P. H. Holcomb and C. C. Bassett* for appellant.

A collector's settlement with the county court is not in the nature of a judgment; neither is a quietus from the county clerk a bar against a suit. Citing, in addition to the cases examined by the court: *Washington County v. Parlier,* 5 Gilman (10 Ill.) 232. The quietus is nothing more than a formal receipt, and may be explained and shown to have been obtained fraudulently, erroneously or by mistake, like any other receipt. *Price v. Johnson Co.,* 15 Mo. 433.

*A. T. Holcomb* for respondent.

When a settlement is made with a collector, and a quietus given him, his sureties are entitled to their protection, and can plead the settlement in bar to an action till it is set aside by due process. *Sullivan Co. v. Burgess,* 37 Mo. 300; *State v. Roland,* 23 Mo. 98.

NORTON, J.—This suit was instituted upon the bond of defendant, Smith, as collector of Bates county. The petition in substance alleges that Smith was elected sheriff and *ex-officio* collector of said county on the 3rd day of November, 1868, for two years from the 1st day of January, 1869; that he and his co-defendants, as sureties, executed the bond sued on, which is in the form required by law; that the tax books for the years 1869–'70, and the delinquent tax lists for the years 1864, 1865, 1866, 1867 and 1868, were placed in the hands of said Smith for collection, and that he collected on the same the sum of $105,579.46, $14,815.23 of which he failed to pay over and account for. For further breach it is assigned that defendant, Smith, collected on said tax books the said sum of $105,579.46, and failed to account for and pay over any part of it to said county. The cause, by change of venue, was transferred to the circuit court of Vernon county, in which court defendant, Smith, and the securities on the bond, filed separate answers. The answer of Smith's co-defendants denied that the bond sued on was their bond, also, that Smith had failed to perform the conditions thereof, and denied that Smith had collected any money for which he had not accounted. The statute of limitations of three years was set up in bar of plaintiff's action. It was also alleged in the answer that Smith had fully settled, paid over and accounted to Bates county for all money ever collected by him for said county while collector, and had been fully discharged and received a quietus for the same; that one of said settlements was made in December, 1869; that he paid the amount found due at that time into the county treasury, and received from the clerk of the county court a full quietus, upon his producing and filing with said clerk the the treasurer's receipt. It also alleged that another and final settlement was made by said Smith with the county court of said county on the 13th of February, and 22nd and 23rd days of March, 1871, after said Smith's time as sheriff and collector had expired, and after the election and

qualification of his successor to said office; that all money collected by him during his term of office, was then accounted for, and that he paid the balance found to be due to said county, and received a full quietus for all of the taxes and revenue collected by him for said county. It is also set up in said answer as a further defense, that on the 20th of September, 1870, the county court of said county, by its order, required defendant, Smith, to execute, within ten days, a new bond as collector, which he failed to do, thereby rendering his office vacant and releasing defendants from any liability on said bond if they were ever bound. Defendant Smith's answer set up substantially the same defense, and pleaded the quietus received by him in bar of plaintiff's right of action.

Plaintiff, in the replication, denied all allegations in regard to the settlements and payment of money found to be due. By failing to deny, it admitted that defendant had received each quietus referred to in the answer. The replication set up that of the amount ascertained to be due on said settlement, said Smith failed to pay into the county treasury the sum of $4,088.09; that defendant, Smith, collected of the county fund of said county $8,973.87; of the road fund, the sum of $2,225.10; of the school fund, $2,096.07; of the bridge fund, $576.42, and of the court house fund, $943.77, all of which he failed to account for and pay over to the county; that in the said settlements said sums were not included, and were either fraudulently excluded or by mistake omitted from said settlement. It is also charged in the replication that at the settlement made in March, 1871, defendant, Smith, made an exhibit and assumed to account for all moneys received by him, and represented to the court that the settlement was in full of all money by him collected for said county, which representations were false; that said court was deceived by said false accounting, and by mistake failed to find the items aforesaid due the county, and through said false, fraudulent or mistaken settlements, the quietus was ob-

tained.    Defendants filed their motion to strike out all of the replication, stating that of the money found to be due on said settlements, Smith failed to pay the sum of $4,088.09 ; also all of said reply relating to the alleged collections of county, road, school, bridge and court house funds ; also all of said reply seeking to impeach the settlements and quietus set up in defendant's answer.    This motion was sustained by the court, and plaintiff refusing to go into a trial of the case, or introduce evidence, the court rendered judgment for defendants, from which plaintiff appeals to this court.

The action of the court sustaining defendant's motion to strike out those parts of the replication which set up new matter in avoidance of the settlements of the collector, is the error complained of.·  The settlements made by the collector, and the various receipts, acquittances or *quieti* of the treasurer held by him, were set up in defendant's answer in bar of plaintiff's right to recover on the bond. To avoid this defense, this new matter pleaded in the answer, the replication of plaintiff charged that said settlements were erroneous, and were made through fraud or mistake, and the distinct charge is made that various sums of money, belonging and due to the different funds of the county, had been collected by defendant, and had not, either through fraud or mistake, been accounted for in said settlements, and that the sum of $4,088.09, found to be due on the settlement that was made, had not been paid over by said collector.    We are at a loss to perceive on what principle this part of the reply was stricken out, unless upon the idea that the settlements made by the collector with the county court were judgments, and for that reason could not be assailed or attacked, except in a direct proceeding in chancery to vacate and set them aside for fraud or mistake.    This must have been the theory adopted by the court in sustaining defendant's motion, and if so, it was erroneous, for the case of *The State to the use of Carroll County v. Roberts*, 60 Mo. 402, completely overthrows it.

Judge NAPTON, speaking for the court in that case, observes: "That settlements made with county courts in regard to administrators, guardians, &c., may properly be considered as judicial acts, since they are judgments of a court on proceedings *inter partes*, in which there is notice required, and in which the county and the court are not interested. In a settlement with collectors, it is a mere accounting between principal and agent, or between a supervising agent and the subordinate. It is not perceived how this settlement operates with more efficacy than an ordinary receipt. If a sheriff should receive on execution double the amount he receipts for, would the plaintiff in the execution have to go into a court of equity to set aside this receipt? The sureties on his bond are responsible for breaches of it, and, although the receipt in the case supposed, and the settlement in the case now under consideration, are certainly *prima facie* evidence in favor of both the sheriff and his securities, neither can be pleaded as a bar to the action. They may both be explained or set aside as made through fraud or mistake." The case of *Marion County v. Phillips*, 45 Mo. 77, is to the same effect, as is also the case of *The State to use of Carroll County v. Roberts*, 62 Mo. 388.

The objection which is made that the replication does not state with sufficient clearness the nature of the errors contained in the settlements, or whether they were procured to be made by fraud alone, or mistake alone, or both, is too technical to receive consideration, as well as the objection that the charge should have been made in the petition and not in the replication.

It is, however, argued that, as plaintiff, after the action of the court in striking out parts of the replication, refused to introduce any evidence, and the court rendered judgment for defendants on the pleadings, he thereby abandoned his case, and his action was equivalent to submitting to a voluntary non-suit, and that therefore he cannot be heard to complain in this court. It is true that when parties volun-

tarily submit to non-suits this court will not interfere, but it is equally true that it will take jurisdiction when, during the progress of a cause, the circuit court decides questions which cover plaintiff's case, and oblige him to submit to a non-suit. Such was the effect of the ruling of the court in the case under consideration, and if all the other issues presented in the case had been tried and determined in favor of plaintiff, it would have been impossible for him to have had a judgment, on the theory adopted by the court that the settlements were an absolute bar to a recovery on the bond.

Judgment reversed and cause remanded, in which the other Judges concur.                    REVERSED.