LAFAYETTE COUNTY *Appellant*, v. HIXON.

1. **Bond and Mortgage for School Funds**: SUBSTITUTION OF NEW MORTGAGE: RIGHTS OF SURETIES. The county court has power to release a mortgage taken as security for school funds, upon receiving in its place a mortgage upon other lands, provided the change can be made without detriment to the fund. The sureties in the bond which the law requires to be taken as additional security, will not be relieved of liability by reason of the change except to the extent to which they may be injured by it. (*Saline Co. v. Buie*, 65 Mo. 63.)

2. **Township School Fund**: PARTIES. The county is the proper party to sue on a bond given to secure a loan of township school moneys. (*State to use, &c., v. Sappington*, 68 Mo. 454.)

*Appeal from Lafayette Circuit Court.*—HON. WM. T. WOOD, Judge.

*Alexander Graves* for appellant.

*Walker & Field* for respondent.

HOUGH, J.—The present action is founded upon two bonds executed to the county of Lafayette by Wm. Hixon as principal, and M. L. De Motte and L. S. Hixon as sureties, one for $100, given for township school funds, the other for $819, given for school funds of the county. On the 13th day of June, 1871, Wm. Hixon, in pursuance of the requirements of the statute, executed to the county of Lafayette a mortgage securing both of the aforesaid bonds. On the 14th day of May, 1872, William Hixon gave another mortgage to secure said bonds, and an entry of satisfaction of the original mortgage was made by the county clerk on the margin of the record thereof, bearing date May 14th, 1872. When this entry was in fact made, does not appear. On the 10th day of July, 1873, Wm. Hixon presented a petition to the county court asking permission to substitute for the mortgages theretofore made by him, a mortgage upon certain real property described therein, which he represented as sufficient to secure the payment of the money loaned him; whereupon the county court made

the following order: "It is therefore ordered that the clerk of this court enter satisfaction in full on said original mortgages, upon the said Hixon presenting a mortgage on the above described real estate, properly executed;" and on the 11th day of July, 1873, Wm. Hixon executed and delivered to the county a mortgage on the property referred to in the foregoing order. An entry of satisfaction, with-out date, appears upon the margin of the record of the mortgage of May 14th, 1872, which we presume was made after the order of the 10th of July, 1873, but the record contains no testimony on this subject. The mortgage of July 11th, 1873, recites an indebtedness of $1,569. This sum is largely in excess of the sum due on the bonds sued on when the mortgage was given, and there is nothing in the record showing a reason for this discrepancy. As this mortgage, however, was offered in evidence as having been substituted, under the order of the county court, for the mortgages made to secure the payment of the bonds in suit, we feel justified, in the present defective state of the record, in presuming that it was intended to secure the bonds in suit and other loans. The sureties, De Motte and Hixon, pleaded and testified that the mortgages of June 13th, 1871, and May 14th, 1872, were entered satisfied without their knowledge or consent, and they claimed that they were, therefore, discharged. The circuit court rendered judgment against the principal and in favor of the sureties. From this judgment the county has appealed.

The statute provides that when money belonging to the school fund shall be loaned, the county court shall cause 1. BOND AND MORT-GAGE FOR SCHOOL FUNDS: substitu-tion of new mort-gage: rights of sureties. the same to be secured by a mortgage in fee on real estate situated within the county, free from all liens and incumbrances, and of the value of double the amount of the loan, and also with a bond and personal security. 2 Wag. Stat., 1258, 1259, §§ 81 to 90. No authority is any where conferred upon the county court to dispense with the real estate security re-quired to be taken. The taking of such security is not a

matter of discretion, but of positive statutory regulation. If the county court may take a mortgage and immediately thereafter release it, without payment of the debt it was taken to secure, and without taking in lieu thereof any other mortgage, it would seem to follow that the court might lawfully dispense with such mortgage in the first instance. So, also, might it in the same way dispense with the bond and personal security required to be taken. In this way the conditions and restrictions with which the Legislature has thought it prudent to guard the management of the school fund by the county court, might be disregarded and annulled. We see no reason, however, why one security may not be substituted for another, when the convenience of parties may require it and the change can be made without detriment to the school fund. And though such substitution should be made without the knowledge of the surety, still, unless the surety were injured thereby, he would not be discharged. But if injured, he would be discharged to the extent, only, of such injury. If the mortgage taken by way of substitution be sufficient to pay the debt, the surety cannot complain of the substitution. *Saline Co. v. Buie*, 65 Mo. 63.

There is nothing in the point that the county cannot sue on the bond given for the money of the township. In 2. TOWNSHIP SCHOOL FUNDS: parties. the case of *State to use, &c., v. Sappington*, 68 Mo. 454, it was expressly decided that the county may sue for the use and benefit of the township in such cases. The judgment of the circuit court will, therefore, be reversed and the cause remanded. All concur.

REVERSED.