Cole County v. Dallmeyer.

COLE COUNTY, *Appellant*, v. DALLMEYER, *Adm'r*.

| | |
|---|---|
| 101 | 57 |
| 105 | 242 |
| 101 | 57 |
| 45a | 493 |
| 101 | 57 |
| 112 | 670 |
| 101 | 57 |
| 116 | 136 |
| 101 | 57 |
| 61a | 3 |
| 101 | 57 |
| 145 | 32 |
| 101 | 57 |
| 88a | 512 |
| 101 | 57 |
| 158 | 338 |
| 101 | 57 |
| 88a | 593 |
| 101 | 57 |
| 92a[10] | 595 |
| 101 | 57 |
| 96a[11] | 66 |
| 97a[10] | 50 |

1. **County Court:** SETTLEMENTS WITH COUNTY TREASURER. A county court in making stated settlements with the county treasurer under Revised Statutes, 1879, section 5378, does not act in a judicial capacity.

2. ———: DELINQUENT OFFICERS: SUMMARY PROCEEDINGS UNDER R. S. 1879, SECS. 5380, 5383: DECEASED OFFICER. The summary proceedings authorized by Revised Statutes, 1879, sections 5380, 5383, against delinquent officers, while judicial in their character, do not authorize a judgment against the personal representative of a deceased officer.

3. ———: ———: JURISDICTION OF PROBATE AND CIRCUIT COURTS. Said summary proceedings do not divest the probate or circuit courts of any of their general jurisdiction.

4. ———: ———: ———. The demand of the county against the delinquent officer may be established by the judgment of the circuit court, or if he be dead then by that of the circuit or probate court.

5. **Probate Court:** JURISDICTION: DECEASED COUNTY TREASURER. The probate court has jurisdiction of a demand due a county from its deceased treasurer on its county interest fund.

Cole County v. Dallmeyer.

6. —— : —— : —— : TREASURER'S BOND. The county is not restricted to a suit on the deceased treasurer's official bond; but may proceed *in assumpsit*.

7. —— : SUIT BY COUNTY IN ITS OWN NAME. The county may, in the latter case, maintain the suit in its own name.

8. Probate Court: VACATING ORDER OF ADJOURNMENT. The writing of the word "vacated" across the order of adjournment of a probate court, though informal, is a sufficient method of setting aside the order, the intention to do so being clear.

9. —— : ORDER OF ADJOURNMENT. An order of adjournment will be so construed which, though inartificially framed, shows that the regular term is closed, but that an adjourned term will be held at a later designated date.

10. Evidence: RECEIPT. A receipt is but *prima facie* evidence of the payments therein stated.

11. Pleadings: PROBATE COURT. Formal pleadings are not required in the probate court or in the circuit court on appeal from the probate court.

*Appeal from Cole Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED AND REMANDED.

*Smith, Silver & Brown* for appellant.

(1) The probate court had jurisdiction of the suit; probate courts, in the allowance of demands, are on the same footing with courts of general jurisdiction. *Rothman v. Schmucker*, 94 Mo. 139; *Johnson v. Beasley*, 65 Mo. 250; *Henry v. McKerlie*, 78 Mo. 416; R. S. 1879, sec. 192. (2) Jurisdiction once conferred on a court is never divested, except by express words of exclusion. *Tackett v. Vogler*, 85 Mo. 480; *State v. Court*, 38 Mo. 403; *Com. v. Hudson*, 11 Gray, 65. Hence the statute authorizing proceedings in the county court (R. S. 1879, secs. 5378-9) did not divest the probate court of authority in the premises. Its provisions are merely cumulative. *Gooch v. Stephenson*, 1 Shepley (Me.) 371; *Crittenden v. Wilson*, 5 Cowen, 165; *Barden*

*v. Crocker*, 10 Pick. 383. (3) Besides, settlements had in the county court under said statutory provisions are but adjustments of accounts between the parties; are not regarded as judicial proceedings. *County v. Phillips*, 45 Mo. 75; *State v. Roberts*, 62 Mo. 388; *Price v. Johnson County*, 15 Mo. 433. (4) The probate court would rightly have had jurisdiction even if the action were on the treasurer's official bond. *State v. Paul*, 21 Mo. 51; *Jewett v. Weaver*, 10 Mo. 234. (5) The county was not restricted to an action on the treasurer's official bond, but could proceed against him personally. *Walton v. United States*, 9 Wheat. 651; *State v. Grace*, 26 Mo. 90. (6) The county was competent to maintain the suit in its own name. *State v. Ruby*, 77 Mo. 610; *LaFayette County v. Hixon*, 69 Mo. 581. (7) The adjournment order of the probate court to August 26, 1885, was sufficiently vacated by the entry "vacated" on the order. *Gillett v. Booth*, 95 Ill. 183. (8) The objection to the order of adjournment of August 26, 1885, is not well taken; the entire order must be read together and when so read it is clear that the court intended to fix an adjourned term for September 10 following. See *Dulle v. Deimler*, 28 Mo. 585. (9) The demand was sufficient in the probate court where formal pleadings are not required. *Wood v. Land*, 35 Mo. App. 381. Besides, where a pleading is not sufficiently definite, the proper remedy is by motion to make it so. R. S. 1879, 3529; *State v. Sherman*, 42 Mo. 210; *Lingenfelter v. Ins. Co.*, 19 Mo. App. 252; *Atterbury v. Powell*, 29 Mo. 429; *Meyer v. Chambers*, 68 Mo. 656. (10) The demand in this case was not on an account stated; it did not aver a settlement nor an assent to a balance found. *Van Blarcom v. Donovan*, 16 Mo. App. 535; *Ward v. Farrelly*, 9 Mo. App. 370; *Powell v. Railroad*, 65 Mo. 658; *Cape v. Kimmel*, 58 Mo. 210. (11) Judge STAMPFLI's statement as contained in the bill of exceptions to the effect that the balance was

charged to the interest fund because it could best be
spared there, although it was not certain the default
was in that fund, does not bar recovery by the county,
because the county records and Schmidt's own books
and receipts show to a mathematical certainty the
default was in the interest fund and in no other.
Besides, even if the evidence showed the deficit to be in
a fund other than the interest one, the county could still
recover.    The code recognizes a plain distinction between
a variance and a total failure of proof.    *Leslie v. Rail-
road*, 88 Mo. 50; *Olmstead v. Smith*, 87 Mo. 603;
*Meyers v. Chambers*, 68 Mo. 626.    (12) The case was
one for the jury.    When there is any evidence to sup-
port plaintiff's action it must be submitted to the jury.
*Twohey v. Fruin*, 96 Mo. 104; *Walsh v. Morse*, 80
Mo. 568.

*W. M. Williams* and *Edwards & Davison*, for the
respondent.

(1)   The affidavit made to the claim is insufficient
under the statute.    (2)   The notice given the defendant
of the presentation of the demand is insufficient because
the same was not given to any term of the probate court
of Cole county, nor at any adjourned term of said court,
nor is the same signed by any one authorized by law.
(3)   The probate court had no jurisdiction to hear and
determine the same at the time it did, on the eleventh
day of September, 1885, said day not being a part of
the regular term of its said court, nor an adjourned or
special term.    (4)   The court erred in overruling the
motion to dismiss this proceeding for want of jurisdic-
tion.    (5)   The circuit court erred in permitting the
plaintiff over the objection of the defendant to intro-
duce any evidence under the pleadings in this case.
(6)   The county court had no authority to direct the
prosecuting attorney to prove up a claim in the probate
court against a dead man.    R. S. 1879, secs. 513, 514,

5388.   (7)   If Schmidt was delinquent as county treasurer, the remedy against him was on his bond and not in the probate court against his administrator.   R. S. 1879, sec. 5378; Murfree on Official Bonds, sec. 482; *Hunnicut v. Kirkpatrick*, 39 Ark. 69; *Haynes v. Butler*, 30 Ark. 69; *Jones v. State*, 14 Ark. 170; *Adams v. Harper*, 20 Mo. App. 684; *Ray County v. Barr*, 57 Mo. 290; *Gaston v. Potts*, 73 Mo. 284; *Cohen v. Atkins*, 73 Mo. 163.   (8)   The court erred in permitting the plaintiff to introduce the record of what purported to be a settlement between Cole county and the estate of Frank Schmidt, it not being shown by said record that the estate of said Schmidt or the executrix thereof, or any one for them, was present when any such pretended settlement was made.   *Ray County v. Barr*, 57 Mo. 290.   (9)   The court erred in permitting parol evidence to explain and contradict the records of the county court. *Jackson County v. Wood*, 84 Mo. 489; *Mobley v. Nave*, 67 Mo. 546; *Ainge v. Corby*, 70 Mo. 257.   (10)   If the respondent was delinquent as county treasurer his successor in office was the proper party to institute suit to recover the deficiency and not Cole county.   R. S. 1879, sec. 5378.   (11)   The demand of appellant was not offered in evidence and though attached to the notice it was not in evidence before the jury until made so by being offered in evidence.   (12)   There was no claim made against Schmidt in his lifetime, and the probate could not allow a claim accruing after his death. *Church v. McElhaney*, 61 Mo. 540; *Ferguson v. Cason*, 13 Mo. App. 29; *Farrar v. Deale*, 21 Mo. 18.   (13)   The demand in the probate court was founded upon an account stated which was changed in the circuit court to a demand on an itemized account.   This was error. *Cape Girardeau v. Kimmel*, 58 Mo. 83; *Ticknor v. Vorhis*, 46 Mo. 110.   (14)   Judge STAMPFLI being presiding justice of the county court was incompetent as a witness, by reason of the death of Schmidt.   *Williams v. Edwards*, 94 Mo. 447.   (15)   The county is

precluded from recovery by the testimony of Judge STAMPFLI to the effect that the court did not know to what fund the balance belonged and charged it up to the interest fund because there was plenty of money in that fund.

BLACK, J.—Frank Schmidt was elected treasurer of Cole county at the November election in 1882. He qualified and continued to discharge the duties of his office until his death, which occurred in November, 1884.

Jacob Tanner became the successor of Schmidt. Kunigunda Schmidt qualified as the executrix of the deceased treasurer. Cole county filed a claim in the probate court against the Schmidt estate for $1,647.74, balance claimed to be due on the county interest fund, which claim was allowed by the probate court, and the executrix appealed. The circuit court, on a trial anew, sustained a demurrer to the evidence and the county sued out this appeal, pending which the executrix died, and the cause has been revived in the name of Dallmeyer, administrator, with the will annexed.

1. For the defendant it is insisted that the probate court had no jurisdiction to allow the demand, and if it be so then it must follow that the circuit court had no jurisdiction of the appeal. The claim is founded on the notion that the statute gives the county court exclusive jurisdiction to hear and determine such demands. Section 5378, Revised Statutes, 1879, makes it the duty of the county treasurer to settle semi-annually with the county court at specified terms of the court, and in case of his death it is made the duty of his executor or administrator to make immediate settlement and deliver to the successor in office all money belonging to the county, "and at each settlement the county court shall immediately proceed to ascertain by actual examination and count the amount of balance of funds in the hands

of such treasurer to be accounted for and to what particular fund or funds it appertains, and cause to be spread on its records, in connection with the entry of such settlement, the result of such examination and count."

The county courts of this state have many duties to perform, some of which are judicial, and others are not of that character. The court in making the stated settlements with the treasurer and other officers does not act in a judicial capacity. It acts in the capacity of an auditor of public accounts, or as the financial agent of the county. This matter has been so often considered by this court that it is sufficient to cite the following cases: *Marion County v. Phillips*, 45 Mo. 75; *State to use, etc., v. Roberts*, 60 Mo. 402; s. c., 62 Mo. 388; *State to use of Bates County v. Smith*, 65 Mo. 464.

Section 5379, Revised Statutes, 1879, makes it the duty of collectors, sheriffs, marshals, clerks, constables and other persons chargeable with moneys belonging to any county to settle with the county court at each stated term, there being four of these terms, and to pay into the treasury any balance found due. And section 5380 declares: " If any person thus chargeable shall neglect or refuse to render true accounts, or settle as aforesaid, the court shall adjust the accounts of such delinquent according to the best information they can obtain and ascertain the balance due the county;" and section 5383 enacts: "Unless the delinquent appears on the first day of the next succeeding term and shows good cause for setting aside such settlement, the court shall enter up a judgment for the amount due, with thirty per cent. per annum until paid, and issue execution therefor; such delinquent shall moreover be deemed guilty of a misdemeanor in office and proceeded against accordingly."

This proceeding, commenced and carried on by the county court under sections 5380 and 5383, is a different

·thing from the stated settlements made on the presenta-
tion of the officers' accounts, and is undoubtedly
judicial in its character. *Owens v. Andrew County
Court*, 49 Mo. 372. If these sections have any applica-
tion to the treasurer at all; they do not provide for or
contemplate a judgment against an executor or admin-
istrator of a deceased officer. Certainly, an execution
could not be issued by the county court against a dead
man's estate. Again, there is not a word in any of the
sections before noted that professes to give the county
court exclusive jurisdiction. The proceeding pointed
out for the county court to pursue is special and
summary, and does not oust the circuit and probate
courts of their general jurisdiction. The remedy pro-
vided for in these sections of the statute is cumulative,
and, if resorted to at all, must be had at the time and
in the manner specified.

Turning now to the administration law, we see the
probate courts have jurisdiction to hear and determine
all suits against executors and administrators upon
demands against deceased persons. Section 192. Debts
due a county, except taxes, must be allowed and classed
as other demands, though a priority is given to them.
From all this there can be but one conclusion, and that
is this : That the summary proceeding which may be
had in certain cases in the county court does not in the
least affect the jurisdiction of the probate and circuit
courts. The demand of the county against the officer
may be established by the judgment of the circuit, or,
if he be dead, then by the circuit or probate court.

2. The next point made is that the suit should
have been on the bond of the treasurer. The county
could, of course, sue on the bond, but it is not restricted
to that remedy. The giving of the bond did not
extinguish the treasurer's general obligation to pay
over whatever funds of the county were in his hands at
the expiration of the term of his office. For any
balance the county could either sue on the bond or sue

the treasurer in *assumpsit*. *Walton v. U. S.*, 9 Wheat. 651. And the treasurer being dead, the claim may be allowed against his estate by the probate court.

3. Again it is insisted that the succeeding treasurer is the only party who can maintain this suit, and this claim is based on section 5378 of the statutes before noted. That section makes it the duty of the outgoing treasurer, or if he be dead, then of his administrator, to deliver to the successor in office all things pertaining thereto and all moneys belonging to the county; but no express authority is given the succeeding treasurer to sue in his own name for moneys due the county. By sections 5356 and 5357, express authority is given to the county to sue in its own name for any money due to it. Where the funds sued for belong to the county and the suit is upon a bond given to the state as obligee, the suit should be in the name of the state to the use of the county, but if the action is not on a bond or contract in the name of a third person, then the suit should be in the name of the county. This is not only the plain letter of the statute law, but it is the result of the former adjudications of this court. *State v. Ruby*, 77 Mo. 618 ; *State to use Saline County v. Sappington*, 68 Mo. 454 ; *LaFayette County v. Hixon*, 69 Mo. 581 ; *Barry County v. McGlothlin*, 19 Mo. 308.

4. It is also contended by the defendant that the claim was allowed by the probate court after it had adjourned until court in course, and for that reason the probate judge had no jurisdiction to hear or allow it. The facts as disclosed by the record are these : The regular term began on the tenth of August, 1885, and the transcript shows the following orders : August 20, 1885 : "Ordered that the court adjourn until August 26, 1885," and across this entry is written "vacated," August 22, 1885. "It appearing that the business of this court requires an adjourned term, it is hereby ordered that one be held, commencing Wednesday

August 26, 1885.; and it is further ordered that the present regular term of this court be adjourned without day." On August 26, a like order was made for an adjourned term on the eleventh of September and adjourning court without day. The demand was allowed the eleventh of September.

The effect of writing the word "vacated" across the entry of August 20 was to set aside that order. This is an informal method of vacating an order once spread upon the records of a court, but the intention is clear enough. The order made on August 22, after providing for an adjourned term on the twenty-sixth of the same month, goes on to say the regular term is adjourned without day. This order must be taken and construed as a whole, and when this is done it amounts to saying this: "The regular term is now closed, but an adjourned term will be held on the twenty-sixth of this month."

The statute concerning courts of record provides that "special or adjourned sessions" may be held in continuation of the regular terms when so ordered in term time. Section 1044. These special or adjourned terms are continuations of the regular term, and yet they are called adjourned terms, and the statute provides that demands may be allowed by the probate court at a regular or adjourned term. Section 198. The order made on August 22 was sufficient and it gave the court the power to hold an adjourned term on the twenty-sixth of that month, and the order made on that day gave the court the power to hold a further adjourned term on September 11, and the court had the power to allow demands at either of these adjourned terms, notice of the presentation of the same having been given, which was done in the present case.

5. The evidence tends to show that Schmidt made a settlement with the county on May 6, 1884; that there was then due the county interest fund $6,252.64; that subsequently he received other amounts from the collector due the same fund, making in all $7,046.49;

that he and his executrix paid out various amounts, leaving in his hands to that fund $1,646.79. The amount paid by the executrix is evidenced by the receipt of Tanner, the succeeding treasurer, showing a payment of $11,877.55, being in payment of the following balances found due the following funds, and, among others, "county interest fund, $2,053.15." Although this receipt professes to be a receipt in full for the balance due the interest fund, still it shows the exact amount paid on that fund, and if there is in fact a balance still due, the receipt is no obstacle in the way of recovering that balance. The receipt is but *prima facie* evidence. And as no formal pleadings are required in the probate court or in the circuit court on appeal, it was competent and proper for the county to show that there was still an unpaid balance due to it. On the other hand, it was competent for the defendant to show that the whole amount paid by the executrix was all that was due the county on the various funds.

6. Many other matters are suggested why the judgment should not be reversed, but we think enough has been said to show that this case must be tried on its merits, and to that end the judgment is reversed and the cause remanded. SHERWOOD, J., dissents; the other judges concur.