SALEM TOWNSHIP, Appellant, v. JONATHAN R. CUN-NINGHAM *et al.*, Respondents.

Kansas City Court of Appeals, May 25, 1891.

**Township Organization:** ACTION AGAINST TRUSTEE: PARTY PLAIN-TIFF. Under the township organization statute, an action on the official bond of the defaulting township trustee and *ex-officio* treasurer for school moneys belonging to the several school districts of the township is properly brought in the name of the township.

*Appeal from the Daviess Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

REVERSED AND REMANDED.

*J. F. Harwood* and *T. A. Gains*, for appellant.

This action was rightly brought in the name of the township. *First*. Because the suit is on an official bond of the collector and treasurer, and section 8462, Revised Statutes, 1889, page 1959, second volume, requires that suit shall be brought in the name of the township. *Second*. Because there is no law authorizing a school district to sue on the township trustee's or treasurer's bond. *Third*. Because there is no school district officer who is entitled to collect or hold school funds,

such funds being by law placed in the custody of the township treasurer. 2 R. S. 1889, sec. 8514, p. 1969. *Fourth.* Because, if the school districts must sue, then a separate suit would have to be brought by each district, as no district could have any interest in the moneys belonging to another district. *Fifth.* Because the suit must be brought in the name of the party authorized by law to sue, or else in the name of the obligee in the bond. In the bond sued on the school districts are not obligees, nor are they authorized by law to sue on the bond. 1 R. S. 1889, sec. 862, p. 281 ; sec. 876, p. 283.

*Hicklin & Yates*, and *Gillihan & Brosius*, for respondents.

In a lengthy argument, cited and commented on the following statutes : R. S. 1889, sec. 8462 ; R. S. 1889, sec. 8514 ; R. S. 1889, sec. 7969 ; R. S. 1889, sec. 62 ; R. S. 1889, secs. 876, 879, 889 ; *City of Chillicothe ex rel. v. Raynard*, 80 Mo. 189 ; R. S. 1889, secs. 18, 882, 8452, 8429, 8430, 8462, 8463, 8464, 8514, 8064, 8065, 8067; Acts 1871–72, p. 184, art. 2, sec. 1, found in Wagner, 1872, at page 2328; p. 1241, sec. 1; sec. 18, p. 1248; sec. 19, p. 1246; sec. 28, p. 1247; secs. 38, 89, pp. 1250, 1248 ; Acts, 1874, sec. 1, p. 147 ; also found in Meyers' Supplement, p. 398 ; R. S. 1889, secs, 7969, 879–89.

SMITH, P. J.—The plaintiff, a body corporate, under the provisions of chapter 162, Revised Statutes, in relation to township organization, which was in force in Daviess county, brought suit against the defendant Cunningham and the other defendants who were the sureties on his official bond as trustee and *ex-officio* treasurer of the township. The breach of the bond was assigned to be, that there came into the hands of the defendant Cunningham, as trustee and treasurer of said township, a large sum of money belonging to the several districts of said township, amounting to $831.26, which

he had failed to pay over to his successor in office, and
had converted to his own use, etc. The answer was a
general denial. At the trial the defendants objected to
the introduction of any evidence by the plaintiff, on the
ground that the petition did not state facts sufficient to
constitute a cause of action, which objection being by
the court sustained, the plaintiff took a nonsuit with
leave, etc. After the usual motion, the plaintiff took
its appeal here.

The only question discussed in the brief of counsel
is, whether Salem township could maintain the action,
on the bond of its defaulting trustee and *ex-officio* treas-
urer, for school money belonging to the several school
districts therein. Under the township organization stat-
ute, section 8452, the trustee and *ex-officio* treasurer of
the township is required, before entering on the duties
of his office, to execute and deliver to the township
clerk a bond with one or more sureties, payable to the
township board, in double the amount of the township
funds, including school moneys which may come into
his hands, etc. Section 8514 requires the township col-
lector to pay over to the township treasurer all school
money collected or received by him. This section also
makes it the duty of the treasurer to safely keep such
money until paid out upon the order of the board of
directors of the various school districts of the township.
The same section further requires the treasurer to make
annual settlements with the township board. The
township board, it, therefore, seems, is invested with a
supervision over the accounts of the treasurer.

If the township treasurer fails to account for and
pay over the school moneys which have come into his
hands as such treasurer, why may not the township
board sue on the bond given by him to it for the faith-
ful performance of the duties of his office? Section
8462 provides that the township trustee and *ex-officio*
treasurer of each township shall receive and pay over all
moneys raised therein for defraying township expenses;

that before entering on the duties of his office he shall execute such bond as is required in section 8452, and, in case of default, it is made the duty of the township clerk to institute suit thereon in the name of the township, in any court having competent jurisdiction. But the defendants contend that this section does not authorize a suit by the township on the bond of the township trustee and *ex-officio* collector and treasurer for school moneys. This contention cannot be sustained. In *State ex rel. Township v. Powell*, 67 Mo. 395, the action was maintained in the name of the state, at the relation and to the use of the township for school moneys, which Powell, the township trustee and *ex-officio* treasurer and collector, had lost by reason of depositing the same in an insolvent bank. The bond had been given to the state by the trustee, instead of to the township, and hence the suit was brought in the name of the state, at the relation and to the use of the township. This seems to have been the reason why the township was a relator, instead of the direct plaintiff. In *State v. Rubey*, 77 Mo. 610, was where this very identical question arose, and the supreme court disposed of it by remarking "that, where the action is not on a bond given to the state, the suit should be brought in the name of the county (*LaFayette Co. v. Hixon*, 69 Mo. 581 ), and in counties where the township organization law is in force in the name of the township." It seems that, whether or not "school money" is embraced in the descriptive terms "all money raised therein for defraying township expenses," we need not decide, since it seems to be the settled rule that, in every suit against the *ex-officio* collector and treasurer of a township or the county treasurer on his bond for the recovery of moneys of every kind belonging to the township and coming into his hands, whether for school or other purposes, shall be brought in the name of the township. The suit in this case, we think, was properly brought *in the name of the township*. If the school

funds alleged to have been converted to the use of the defendant are recovered, the township trustee and *ex-officio* collector and treasurer then in office should receive and receipt for the same and be charged therewith. The school districts to which the same belong can then draw their warrants therefor, and thus receive the same.

The judgment must be reversed, and the cause remanded. All concur.