WHARTON *et al. ·v.* SIMS & COMPANY.

1. When the superior court has been duly convened and adjourned over to a certain day, the judge may, by an order passed before that day arrives, adjourn it over to a subsequent day, so as to carry to the latter a motion for a new trial previously set down to be heard on the former.
2. Though the order specify a particular business for which the court will convene, the court being thus in legal session may transact any other business which may come before it, where there is no surprise to parties or their counsel.
3. Where, by order granted in term, a motion for a new trial is set down for hearing at a subsequent day in term and leave granted until that day to make out and file a brief of the evidence, and this leave is regularly continued by successive orders all granted in term, the last of which extends the time till the succeeding term, and this last order is complied with, the brief then being duly approved, the want of an earlier approval is no cause for dismissing the motion for a new trial. It does not appear that the present case is one to which the act of November 12th, 1889, applies.

February 1, 1892.

New trial. Practice. Before Judge MADDOX. Floyd superior court. March term, 1891.

On November 25, 1890, during the September term of the superior court, the case between these parties was tried, and a verdict for the plaintiffs was rendered. On December 3, during the same term, the defendants filed their motion for a new trial, and took an order to show cause on January 1, 1891, why the motion should not be granted, leave being granted the defendants until that date to prepare and file their brief of evidence. On December 26, 1890, while the court was not in session, a paper purporting to be a brief of the evidence was filed in the clerk's office. It was not agreed on by the counsel for the parties, was not approved by the court, and was not filed under the direction and supervision of the court. On January 1, 1891, during the September adjourned term, counsel for the defendants not being present, counsel for the plaintiffs moved to dismiss the motion for a new trial. The court declined to dismiss

it, and ordered that it be continued until the third Monday in January, and that the defendants have until that time to make out and file a brief of the evidence. On the third Monday (the 19th) of January, the judge was holding court in another county; and there was no appearance for the defendants, and no brief of evidence was filed on that day. Two days previously, the judge of his own motion had passed an order that the court be adjourned from Monday the 19th of January to the first Monday in February, "at which time it will convene to hear the report of the committee on memorial of A. E. Ross." This order was passed in vacation and while the court was not in session. On the first Monday (the 2d day) of February, during the September adjourned term, 1890, counsel for the defendants appeared and asked that the motion be then heard. Counsel for the plaintiffs asked that it be dismissed. Whereupon, over objection of the plaintiffs and without prejudice to their right to be heard on their motion to dismiss the motion for new trial, the court ordered that the hearing of the latter motion be continued till the next regular March term, and that the movants have until that time to complete their brief of evidence, to be heard at such time in the March term as the court might direct. During that term the motion for new trial was heard. The plaintiffs moved to dismiss it, and the overruling of their motion is the ground of exception. Their grounds for dismissal were : (1) Because during the September term, 1890, no brief of evidence was approved by the court, nor agreed upon by counsel, nor filed under the direction and supervision of the court. (2) The court having set the 1st and 19th days of January, 1891, for the hearing of the motion and the filing of the brief of evidence, and the defendants having failed to appear on either of those days, and having failed on both of those days to file a brief of evidence approved

by the court or agreed on by counsel, their motion for a new trial ceased to have legal existence. (3) The judge had no legal right on the 17th of January, 1891, at chambers, during vacation, and while court was not in session, to pass an order adjourning court from January 19 to the first Monday in February; and had such right existed, the order of adjournment specified the only business to come before the court at that time, to wit "to hear the report of the committee on memorial of A. E. Ross." Hence no court was legally in session on the first Monday in February; and the court had no right at that time to pass an order setting the hearing of the motion for new trial during the March term, and allowing the movants until that time to perfect their brief of evidence.

WRIGHT & MEYERHARDT, by brief, for plaintiffs.

JUNIUS F. HILLYER, by brief, for defendants.

LUMPKIN, Justice.

1. Until the final adjournment of a term of the superior court, it is, in legal contemplation, in session for certain purposes all the while. It may, and in the nature of things must, take recesses during which the active business of the court is suspended. When the court has been adjourned to a certain day the judge could not, of course, before that day arrives, arbitrarily convene the court and enter upon the trial of cases or the transaction of other business to the prejudice of any party. All persons interested in the business of the court would have the right to absent themselves until the day fixed for the court to resume its session. Nevertheless we think there is no doubt that the judge in his discretion would have the power to pass an order before the beginning of the adjourned term, postponing the time for its meeting to a subsequent day, so as to carry to the latter a motion for a new trial previously set down to

be heard on the day to which the regular term had originally been adjourned. There could certainly be nothing wrong or unlawful in his so doing when no injury thereby resulted to the rights of any person concerned.

2. When the court is in session at an adjourned term it has all the power conferred upon it by law, and this is true though the order appointing such adjourned term may have specified a particular business for which the court would convene. Being therefore in legal session, the court may transact any other business coming before it. Of course it could not take up and dispose of cases, pass orders or do anything else prejudicial to the interests of parties who had no notice that the court would dispose of any business other than that specified in the order convening the term, or who were absent from the court, as it was their undoubted right to be, in consequence of the nature of the order indicated. While the court, so far as the legality of its orders and judgments is concerned, would have the power to proceed with its business as to persons present and consenting thereto, or without legal reason for postponing action upon their matters, it could not proceed in disregard of the rights of any person who was absent or in a position to justly claim that he was surprised by the court's thus unexpectedly taking action in cases or matters in which he was interested.

3. The ruling set forth in the third head-note accords with the previous decisions of this court, and its correctness is sufficiently apparent without further discussion.

*Judgment affirmed.*