## IN THE MATTER OF THE APRIL, A. D. 1909, TERM OF COURT.

### August 23, 1909.

*Court—Adjournment, effect of—Power to convene before adjourned day:* The court, having adjourned to a day certain, may convene before that day for the transaction of business in open court, provided such action does not operate to the prejudice of any party.

WOODRUFF, J.   (Memorandum opinion.)

On August 21st court was formally adjourned until 10 o'clock August 24th. One of the purposes for providing that court would be opened August 24th at 10 o'clock was in order that a suspended sentence against one Sato might be pronounced against her, provided that an expected order of deportation was received at the immigration station from Washington on or before August 24th. The order of deportation was received August 21st and a steamer, on its way from San Francisco to Japan, arrived at Honolulu August 23rd instead of August 24th as per schedule. This steamer was to leave Honolulu on the evening of August 23rd.

It therefore became advisable to convene court on August 23rd and pronounce judgment against Sato Ono in order that, pursuant to the reasons for suspending judgment against her from time to time, she might receive the nominal sentence contemplated if an order of deportation should be made against her.

*Quaere*: Is it a legal and valid exercise of the power of the court when it has adjourned to a day certain, to convene before that day for the transaction of business in open court?

If the court should not meet on the day to which adjournment had been taken, "it may meet at any time thereafter, but fair notice must be given to all concerned." 1 *Encl. Pl. & Pr.* 245.

"And, conversely, it may meet before the day of adjournment has arrived." *Id.* Note 4; *People v. Sullivan,* 115 N. Y. 185 ; *Cole County v. Dallmeyer,* 101 Mo. 57 ; *Wartena v. The State,* 105 Ind. 445 ; *Stefani v. The State,* 124 Ind. 3 ; *Bowen v. Stewart,* 128 Ind. 508 ; *Wharton v. Sims,* 88 Ga. 617, 15 S. E. 771.

It would seem from the above that the necessary consideration and precaution of the court must be that no unfairness or egregious hardship may be worked against any party to an action, civil or criminal, by the convening of the court earlier than the day set in the order of adjournment and that therefore such convening of court, before the day to which adjournment is taken, should be done only for strong reason and with due care that no unfairness is worked against any party before the court through the action taken in such session held earlier than the day to which adjournment was taken.

It would seem that in civil matters, parties may, either expressly or impliedly, waive the right to complain about any unfairness resulting from the action in such earlier session of the court. As to criminal cases, it would seem that if any possibility of hardship or unfairness should appear, the right to complain of action taken in the earlier session must be expressly waived in order to bar the party from a right to complain later.

In the case of Sato Ono mentioned above, since she has entered a plea of guilty and since the suspension of sentence against her was in order that the sentence might be nominal if the order for her deportation should be received, it cannot be conceived how any unfairness or hardship could be worked by convening court and pronouncing judgment against her on her plea of guilty; provided, of course, both the defendant, Sato Ono, and her counsel were in open court at the time sentence

was pronounced, or, in the case of the counsel, had been given fair notice and an opportunity to be present. With regard to counsel, the question might further arise whether any other engagement or circumstance after fair notice would be a hardship and unfairness sufficient to vitiate to that extent the action of the court in arbitrarily convening. It would seem that under the circumstances there could be no possible element of unfairness to the defendant, even though her counsel could not be present. She has entered a plea of guilty and the best she could obtain from the government would be a nominal sentence. If she receives this, all question of unfairness or hardship, as far as the action of the court outlined above, would seem to be resolved.

[Pursuant to this decision, the court convened on Monday, August 23, 1909, at 3:35 p. m.,—the clerk's minutes, vol. 6, page 481, having the following entry: "Good cause appearing therefor * * * it was by the court ordered that the order adjourning this court, made on the 21st day of August, 1909, whereby an adjournment was taken until Tuesday, August 24, 1909, at 10 o'clock a. m., be amended so that said adjournment should be to Monday, August 23, 1909, at 3:35 o'clock p. m." Thereupon in the case of *The United States of America v. Sato Ono,* referred to in the foregoing opinion, sentence was pronounced against the defendant. Clerk's Minutes, as above.]