The County of Marion, Defendant in Error, *v.* William B. Phillips, Plaintiff in Error.

1. *Courts, County, allowance of claim by—In what case not res adjudicata.*— The action of a County Court in allowing a claim of the county collector against the county, through a mistake of fact, is not *res adjudicata*, so as to bar a suit by the county to recover back the amount allowed. In such case the judges of the court acted merely as the fiscal agents of the county, and their mistake might be inquired into and corrected, as well as those of an individual acting in his own behalf.

### Error to Sixth District Court.

*Dryden, Lindley & Dryden,* with *Lipscomb & Anderson,* for plaintiff in error.

I. The action of the court in the case at bar was judicial. (The State v. Cooper County, 17 Mo. 507; Sullivan County v. Burgess, 37 Mo. 300; Jones v. Brinker, 20 Mo. 87; State, use of, etc., v. Rowland, 23 Mo. 98.)

II. The judgment of a court of competent jurisdiction can be impeached for fraud only. (Sullivan County v. Burgess, *supra,*

Jones v. Brinker, *supra;* State, use of, v. Rowland, *supra;* Oldham & Broaddus v. Tremble, 15 Mo. 225; Beebe v. Bank of New York, 1 Johns. 555; Stanton v. Edwards, 1 Ves. Jr. 134; Ash v. Rogle, 1 Vern. Ch. 367.)

*Boulware, Redd & McCabe*, for defendant in error.

The entry of June 13, 1865, was not a judgment in form or legal effect. (3 Blackst. Com. 395–8; Gen. Stat. 1865, ch. 171, § 1, and ch. 137, §§ 9, 11; Sparks v. Purdy *et al.*, 11 Mo. 225; State v. Cooper County Court, 17 Mo. 510; Boggs v. Caldwell County, 28 Mo. 589; Hann. & St. Jo. R.R. v. Marion County, 36 Mo. 303.)

BLISS, Judge, delivered the opinion of the court.

The defendant had been sheriff and tax collector of Marion county, and on the 13th of June, 1865, he, as such collector, settled with the County Court, and the settlement was entered upon its records in the usual manner. In making this settlement the credits contained the following item: " By amount delinquent list allowed by County Court at date, $14,362.22." This amount was credited to him upon his account of collections for the county revenue, and it was afterwards discovered that the total amount of delinquencies upon the levy for county taxes was only $5,967.72, and that the balance for which he had been credited consisted of the delinquent list for the State revenue, which balance should have been and was also credited to him in his settlement with the State auditor. Thus the defendant received a double credit of over $8,000, once by the State correctly, and once by the county by mistake.

The county commenced proceedings in the Circuit Court in the nature of a bill in chancery to correct this mistake, and recovered a judgment for the amount improperly retained and interest, amounting to $11,326. The matter is brought to this court through the District Court by error, and the only defense made is that it is *res adjudicata;* that, as the County Court passed upon it judicially, its judgment is conclusive, and the county is without remedy.

The exact *status* of the County Court, in other than its probate jurisdiction, has not been very clearly defined. In matters of probate it is a regular court of probate, the successor, in that regard, of the ecclesiastical courts of England, and so far is a judicial body, and its proper acts in passing upon the rights and duties of parties are judicial acts. In some other matters its functions are also judicial. But many of its duties can not be so classed. The county judges are in most matters the agents and representatives of their respective counties. As a board, called the County Court, they audit claims against it, make appropriations, assess taxes, loan and distribute the school fund, take charge of its poor, direct the building and supervision of roads and bridges, erect and take charge of the public buildings, look after and settle with its financial agents, and, in general, transact the county business. Many of their acts, as in auditing claims and settling the accounts of treasurer and collector, have been sometimes called judicial, because it is incumbent on the court to decide — to adjudicate, as it were — upon the claim or account. But this decision is more like that of a party or agent than of an impartial tribunal with the parties before them. They decide very much as every private person or financial agent of a firm or corporation decides upon an account presented. They decide as all public auditors decide when claims or accounts are presented for adjustment, and if their action is judicial, then our auditor of public accounts is so far a judge, and holds a court of record; for, in auditing claims, his duties are precisely those of the County Court. This term has been applied to their action from the poverty of language, for the same reason that the word "court" has been used in so many different senses. If they had been called supervisors or commissioners, and their organization a board, as in many States, the application of this term to their action might have been less frequent. But though we sometimes so apply the term, we do not conform our action to that idea. If passing upon a claim against the county is judicial action, and its rejection a judgment against the claimant, he would be concluded by it. The matter would be *res adjudicata;* and yet suits are brought every day to recover claims rejected by the

County Court. Their action is simply evidence that the county refuses to pay them, and is the occasion of, if not a necessary step to, the action, instead of a bar to it. I have thus spoken of the action of the court upon claims against the county, because it is clearly analogous to its action in settling with collectors, &c.

This settlement of accounts with collectors lacks one of the essential elements of ordinary judicial action, there being no parties litigant, no adverse interests to be adjusted, no one to be heard but the officer; and it also possesses one of those elements, inasmuch as it is to be made and the accounts adjusted according to law. But so are all settlements and adjustments between parties. The rules that govern do not so much decide the question as the relation of the body, whether it is to adjust controversies between parties, or whether it represents one of the parties. In considering the duties of public officers, it is difficult, if not impossible, by general definition, to draw an exact line between judicial, ministerial, and executive action, so as to apply all the legal consequences to each, principally for the reason that when we go outside of the regular courts we speak only by comparison, and apply terms originally and generally applicable to entirely different proceedings, and also for the reason that many of their duties are of a mixed judicial and ministerial character. It is less difficult, however, in a specific case to say whether the action is so exclusively ministerial as to leave no discretion in the officer, or whether it is so exclusively judicial that the action is final and can not be corrected, however gross its mistakes. In the case before us there was no mistake of law—as by giving the collector larger fees than he was entitled to, or by crediting as delinquent what he gave no lawful excuse for not having collected—but the gross blunder was inadvertently committed of adding the delinquency in the State revenue to that in the county revenue, and paying him both on behalf of the county, and at the same time certifying the State delinquency to the State authorities, by means of which he again drew its amount from the State treasury. The blunder was not one of decision; the County Court never held that he was entitled to the State delinquency from the county; it did not know that it was included in his credits.

It was not even a mistake of computation, but a naked allowance of a gross sum the county had no right to pay, and which its officers did not suppose they were paying. There is so much of fraud in the transaction that I wonder it was not charged in the petition, for the mistake could not but have been known to the defendant. It would not then have mattered whether the settlement was a judgment or not. But counsel, perhaps wisely, have chosen a proceeding to surcharge and falsify a stated account; and if it be such an account, and not a judgment, there is clear equity in the petition. (Sto. Eq. §§ 523–6.)

I do not find in our reports any adjudication upon this question, although remarks have been made by judges that indicate their views. In Sparks v. Purdy, 11 Mo. 225, the act of the County Court condemned was declared to be a proceeding that "had none of the characteristics of a judicial one; there were no parties, no notice, no pleadings, no trial, no judgment." In Hannibal and St. Joseph R.R. Co. v. Marion County, 36 Mo. 303, the County Court is spoken of as the agent of the county. In Sullivan County v. Burgess, 37 Mo. 300, in a suit to set aside a settlement with a treasurer for fraud, the judge declaring the opinion, after quoting State, to use, etc., v. Rowland, 23 Mo. 98, concerning settlement of estates, remarks that " a settlement with a County Court is equivalent to a judgment, * * * and will only be set aside when impeached by a proceeding in the nature of a bill in equity for fraud." Had this opinion been necessary to the decision of the case, I should regard it as good authority; but the court, in order to decide the case before it, had no occasion to, and did not, distinguish between settlements with guardians and administrators and with county financial officers. In New York the board of supervisors settle with the county treasurer, and in Supervisors of Chenango v. Birdsall, 4 Wend. 453, the Supreme Court, per Marcy, held that the county was bound by a previous settlement and adjustment by compromise of a disputed matter, but that the treasurer was still holden for an item omitted by mistake in the settlement. The board were treated as the agents of the county, and the county as bound by their acts as agents. In Illinois, in Washington County v.

Parlier (5 Gilman, 232), it is expressly held that the action of the county commissioners in making settlement with the collector is not judicial. "In making this settlement," says the judge, "the commissioners act as agents of the county, and do not adjudicate as a court. They could enter up no judgment against the defendant for the balance found due, nor have they any means of enforcing payment of such balance, except by a resort to the ordinary courts of law. As the fiscal agents of the county their mistakes may be inquired into and corrected, as well as those of an individual acting in his own behalf."

We hold, then, that the defendant in the case at bar, in making his settlement with the County Court of Marion county, settled and adjusted his claims and liabilities with the public agents of the county; that the entry upon the records of the court was not a judgment at law, but the record of the results of that settlement—a statement of his account, as adjusted between him and the county—and that any mistake in that settlement clearly proved is open to correction, and in the same manner as though it were made with an individual.

The judgment of the District Court is affirmed. The other judges concur.