————o————

STATE OF MISSOURI, TO USE OF CARROLL COUNTY, Plaintiff in Error, *vs.* JAMES M. ROBERTS, *et al.*, Defendants in Error.

1. *County Collector—Settlements with County Court—Final settlements of, not conclusive—Sureties of may be proceeded against, how.*—The action of County and Probate Courts, in regard to settlements by administrators, guardians and curators, is judicial, and, therefore, a final settlement with the court is conclusive as long as it stands, and can be set aside only on appeal, or by bill in equity brought in the Circuit Court on the ground of fraud or mistake. But settlements between County Collectors and County Courts, are merely those between principal and agent, and not subject to the same restrictions as to subsequent investigation. And in case of a County Collector, suit may be brought against his sureties without prior suit in equity to set aside the settlement.

*Error to Carroll Circuit Court.*

*L. K. Kinsey,* for Plaintiff in Error, relied upon Marion County vs. Phillips, 45 Mo., 75.

*Hale & Eads, and L. M. Waters, and J. L. Mirick,* for Defendants in Error.

I. The final settlement, made by the County Court with the collector, is equivalent to a judgment rendered by a court

of competent jurisdiction, and will only be impeached upon a proceeding in the nature of a bill in equity for fraud or mistake.. (Sullivan Co. vs. Burgess, 37 Mo., 300.) It cannot be done in a suit on the collector's bond. (Jones vs. Brinker, 20 Mo., 87; State to use, etc., vs. Roland, 23 Mo., 93; Marion County vs. Phillips, 45 Mo., 75.)

II. When a settlement has been regularly made and approved, it cannot be impeached after the term of court, at which it was made, has lapsed, except in a proper case and by a regular judgment. (Owens vs. Andrew County Court, 49 Mo., 372.)

NAPTON, Judge, delivered the opinion of the court.

The suit was against Roberts, the sheriff and ex-officio collector of Carroll Co., and his sureties on his official bond.

It is averred, in the petition, that a final settlement was made by the County Court of Carroll county with Roberts as collector, in February, 1871, and that, in this settlement, Roberts was credited with $435.23, the amount of taxes due on delinquent lands; that, in fact, these delinquent taxes were paid, and that the alleged delinquents have receipts for the same. In other words it is alleged that the collector received a credit, in this settlement, to which he was not entitled; that this credit was the result of fraud or mistake, and a judgment is therefore asked against him and his sureties.

The answer sets up the final settlement, made by the collector with the County Court, as a bar. To this answer there was a demurrer, which was overruled, and the only question presented by the record is whether this final settlement is a bar to this action.

In regard to settlements by administrators, guardians, curators, &c., the decisions of this court have been uniform, that the action of the County and Probate Courts, in such settlements, is judicial in its character, and therefore a final settlement with the court is conclusive so long as it stands; and it can be set aside only by a proceeding in the Circuit Court, on the ground of fraud or mistake. (State vs. Rowland, 23 Mo., 98, and cases there referred to.)

A distinction was, however, made in the cases of Marion County vs. Phillips, (45 Mo., 79,) and Owens vs. Andrew Co., (49 Mo., 372,) which we think a sound one. Settlements made with the County Court in regard to administrators, guardians, etc., may properly be considered as judicial acts, since they are judgments of a court on proceedings *inter partes* in which there is notice required, and in which the county and the court are not interested. In settlements with collectors, it is a mere accounting between principal and agent or between a supervising agent and the subordinate. I refer to the opinion of Judge Bliss, in 45 Mo. 77, where the learned judge has fully discussed this point and established this discrimination, with the sanction of all the court.

It is now insisted, however, that no suit could be instituted against the sureties of the collector, until there had been a suit in equity to set aside the settlement. Undoubtedly, if this settlement could be regarded as a judgment, in a suit or proceeding where the sureties were not parties, it might be a protection to them until set aside. Such has been decided to be the law in regard to settlements of administrators, guardians, etc.

But in this case it is not perceived how this settlement operates with more efficacy than an ordinary receipt. If a sheriff should receive, on an execution, double the amount he receipts for, would the plaintiff in the execution have to go into a chancery proceeding to set aside the receipt? The sureties on his bond are responsible for breaches of it, and although the receipt in the case supposed and the settlement in the case now under consideration, are certainly *prima facie* evidence in favor of both the sheriff and his sureties, neither can be pleaded as a bar to the action. They may both be explained or set aside as made through fraud or mistake.

Why require two suits to settle what can as well be determined in one?

The judgment is reversed and the cause remanded; the other judges concur.