# CASES

## ARGUED AND DETERMINED

IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI.

### MAY TERM, 1876, AT ST. JOSEPH.

———o———

STATE OF MISSOURI TO USE OF CARROLL COUNTY, Respondent, *vs.* JAMES W. ROBERTS, *et al.*, Appellants.

1. *County Courts—Sheriffs, settlements with—Conclusiveness of.*—County courts in settling with sheriffs act only as the fiscal agents of the county, and such settlements are not conclusive, but are open to the correction of any mistakes. (Marion Co. vs. Phillips, 45 Mo., 75.)

2. *Evidence—Sheriffs, suit on bonds of — Settlements—Confusion.*—A sheriff was authorized to sell county swamp lands, and was authorized to take in payment cash, notes for deferred payments, and the county railroad bonds. In the synopsis of his settlement made from the accounts kept by the clerk of the county court, he was apparently charged with a gross sum for everything received, without distinguishing between the cash notes or bonds. *Held,* that with no other evidence than that synopsis, no judgment could be rendered against the defendants in a suit on the sheriff's bond.

*Appeal from Carroll Circuit Court.*

*Hale & Eads,* for Appellants.

I. There is no means of determining, by the settlements, whether the balance claimed is on account of cash collections, notes required to be taken for deferred payments or Carroll county railroad bonds, which he was authorized to take.

*Ray & Ray*, for Respondent.

I. The settlement shows the amount in the sheriff's hands from that source, and it shows it to be in money.

II. That settlement is a record and imports absolute verity.

SHERWOOD, Judge, delivered the opinion of the court.

Action for breach of sheriff's bond. Breach assigned was the failure by the sheriff to pay to the county certain monies arising from the sale of swamp lands, sold by him in his official capacity. In support of the claim of the plaintiff, the "final settlement," as it is termed, made by the sheriff with the county court, was used as evidence.

It has been claimed here on behalf of the plaintiff, that this settlement, being a record of the county court, imports absolute verity, speaks for itself, and is not open to explanation or contradiction by parol. With respect to this we think otherwise.

This point was passed upon in Marion Co. vs. Phillips (45 Mo., 75), where it was held that the judges of the county court, in cases of this sort, act merely as the fiscal agents of the county ; that their action is not final, is not conclusive, is not, in short, *res adjudicata*, but is open to the correction of any mistakes which may occur in the course of the settlement thus made. And such settlements were regarded by the court, in that instance, as occupying substantially the same footing as do settlements between private individuals. In the case at bar, however, the testimony of the clerk and the deputy clerk was based for the most part on record entries, also being orders under which Roberts acted in making sale of the swamp lands of the county.

This testimony was received without objection, and showed that the settlement offered in evidence was a mere synopsis or abstract of the settlement really made; that Roberts filed no written statement of his account with the county ; that the settlement as made was made from accounts in the possession

of the county court, kept by their clerk; that Roberts was charged with the gross amount of each sale of swamp lands, including as well the notes for the unpaid purchase money due from purchasers, as the twenty per cent. cash he was required to collect from them; that his accounts so kept, and the settlement offered in evidence, did not show whether the balance, therein specified to be due, was due to the county, on account of cash collected at said sales, or on account of notes required to be taken from the purchasers for deferred payments, or whether the deficiency was on account of Carroll county railroad bonds, which Roberts was authorized to take from the purchasers in payment for the lands sold; and that there was now no means of ascertaining to which class of accounts said balance belonged.

Under these circumstances the court should not have rendered judgment for said balance, viz, $1,600; and it is impossible for this judgment to stand, without utterly disregarding rudimentary principles of evidence.

The sheriff and his sureties are sued for his failure to pay over money which he had collected, and the evidence offered would apply with equal propriety to an action for failure to deliver notes which he had taken for swamp lands sold, or for failure to account for railroad bonds which he had received.

The horn-books of the profession announce the doctrine, "that the evidence must correspond with the allegations, and be confined to the point in issue."

This well established rule was tacitly ignored by the trial court, and, in consequence, its judgment must be reversed, and the cause remanded. All the other judges concur, except Judge Vories, who is absent.