Sears v. Stone County.

SEARS, *Appellant,* v. STONE COUNTY.

### DIVISION TWO.

**County Courts:** JUDICIAL AND ADMINISTRATIVE ACTS : CLAIMS AND WARRANTS : CONSIDERATION. A county court in auditing claims against the county and ordering warrants does not act judicially, but in the capacity of a financial or administrative agent of the county and its acts in relation thereto have only the force and effect of contracts which are subject to impeachment for want of consideration. (*Following and affirming Reppy v. Jefferson Co.,* 47 Mo. 66.)

*Appeal from Christian Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*A. M. Hough* and *W. S. Pope* for appellant.

(1) *First.* The court erred in admitting the testimony of W. M. Fisk, as to the employment of S. F. Heffernan, to contradict or impeach the records of the Stone county court. *Second.* The testimony of said Fisk as to what occurred between Judge FARMER and Heffernan in the Stone county court room was incompetent and should not have been admitted. *Castleman v. Relf,* 50 Mo. 589 ; *Freeman v. Thompson,* 53 Mo. 192. *Third.* The testimony of Fisk as to the contents of the paper or account presented to the county court by Heffernan was improperly admitted. *Blondeau v. Sheridan,* 81 Mo. 556. *Fourth.* All the testimony of Fisk was imcompetent, not being responsive to the pleadings. *Bank v. Armstrong,* 62 Mo. 59 ; *Seibert v. Allen,* 61 Mo. 487 ; *Weil v. Posten,* 77 Mo. 284. *Fifth.* The testimony of Smith and Viles was incompetent because it contradicted the pleadings. *Weil v.*

*Posten*, 77 Mo. 284, and cases cited. (2) *First.* Plaintiff's instructions should have been given. *Bank v. Franklin Co.*, 65 Mo. 111 ; *Watkins v. County Court*, 68 Mo. 48, 49. *Second.* Defendant's instructions were not based on the pleadings, and should have been refused. *Glass v. Gelvin*, 80 Mo. 297 ; *Melvin v. Railroad*, 89 Mo. 106 ; *Wade v. Hardy*, 75 Mo. 394; *Benson v. Railroad*, 78 Mo. 504. (3) Judgments of inferior courts cannot be attacked collaterally, except for want of jurisdiction or for fraud. *Jeffries v. Wright*, 51 Mo. 220, 221 ; 77 Mo. 269. (4) The county court had authority to audit, adjust and settle the claim of Heffernan. R. S. 1889, sec. 3185 ; R. S. 1879, sec. 5388.

*Gideon & Gideon* and *T. L. Viles*, with *A. Hodges*, Prosecuting Attorney, for respondent.

(1) The court did not err in admitting the testimony of U. M. Fisk and T. J. Smith. Neither was it offered for the purpose of contradicting or impeaching the records of the Stone county court, but for the purpose of showing that no written contract was ever made or filed in the office of county clerk of Stone county between F. S. Heffernan and respondent as was required by law in force at that time. R. S. 1889, sec. 3157. (2) The testimony of U. M. Fisk as to what occurred in the court room between Judge FARMER and F. S. Heffernan was competent for the purpose of showing a failure of consideration, and throwing light upon the transaction as between Heffernan and Judge FARMER. *Johnson Co. v. Lowe*, 72 Mo. 637 ; *Rily v. Pettis Co.*, 96 Mo. 318; *State v. McGonigle*, 101 Mo. 353. (3) The county warrant upon which this action is bottomed is not a negotiable instrument ; therefore, any defense may be set up against appellant that could have been made against Heffernan. 1 Randolph on Commercial Paper [1 Ed.] sec. 337, p. 481 ; *McGee v. Larramore*, 50 Mo. 425; *State ex rel. v. Huff*, 63 Mo.

228. (4) The contract, in order to be valid and binding upon respondent with the said Heffernan, should have been in writing as provided by law. R. S. 1889, sec. 3157; *Crutchfield v. City*, 30 Mo. 456; *Woolfolk v. Randolph Co.*, 83 Mo. 501. (5) The order of the county court auditing the claim of Heffernan and directing the warrant to be issued to him is not a judicial ascertainment; in such a case the judge of the court acted merely as the fiscal agent of the county, and may be inquired into. *County of Marion v. Phillips*, 45 Mo. 75; *Reppy v. Jefferson Co.*, 47 Mo. 66; *State to use v. Roberts*, 62 Mo. 388; *Person v. Ozark Co.*, 82 Mo. 491; *Cole Co. v. Dallmeyer*, 101 Mo. 57. (6) The order directing the warrant to be drawn is not a judgment. *Broms v. Railroad*, 71 Mo. 163; *Person v. Ozark Co.*, 82 Mo. 491. (7) The county court was the financial agent of the county, and anyone contracting with it must take notice of the scope of its authority, and the county is not estopped by the illegal acts of its county court. *Wolcott v. Lawrence Co.*, 26 Mo. 272; *Bauer v. Franklin Co.*, 51 Mo. 205; *Sturgeon v. Hampton*, 88 Mo. 203; *Heidelberg v. St. Francois Co.*, 100 Mo. 69.

MACFARLANE, J.—This is an action on a warrant issued by order of the county court of defendant county for $450, dated November 15, 1876, payable to F. S. Heffernan and assigned to plaintiff, July 16, 1877. The answer set up want of consideration. The records of the county court of the date of June 5, 1876, showed an order by which Heffernan was employed as an attorney to prosecute suits against the Atlantic & Pacific Railroad Company for the collection of delinquent taxes and for his services he was to be paid a per cent. of the taxes collected.

The records also show the following order under date of November 15, 1876: "Now comes F. S. Heffernan and presents his account against the county for legal services rendered, of $450, which is allowed by

the court and ordered that a warrant be issued for the amount."

The records of the court show no other employment of Heffernan as attorney in any matter for said county. No written contract by the county with Heffernan was made and 'filed. Evidence was offered by defendant tending to prove that Heffernan collected no taxes and performed no services under his employment, and that there was no consideration for the warrant; this evidence was admitted over plaintiff's objection. Plaintiff was a purchaser of the warrant for value without notice of the want of consideration.

Instructions were asked by plaintiff to the effect that the order of the county court auditing and allowing the claim of Heffernan for legal services rendered was a judicial act of the court, and that the warrant sued upon cannot under the pleadings be questioned. This instruction was refused. At request of defendant the court gave an instruction to the effect that if the warrant was without consideration plaintiff could not recover.

The proper determination of this case depends upon whether county courts, in auditing claims, and ordering warrants against the counties, act in a judicial capacity thus giving to their orders the verity and conclusiveness of judgments, or whether they act merely in the character of financial or administrative agents of the counties by which their acts entered of record have simply the force and effect of contracts which are subject to impeachment for want of consideration.

The question was directly passed upon in the case of *Reppy v. Jefferson Co.*, 47 Mo. 68. In that case the suit was against the county, upon a claim which had been previously presented to the county court, for allowance, and had been rejected. It was contended that the action of the county court in rejecting the claim was an adjudication of the matter and an estoppel to the pending suit. BLISS, J., in passing upon the

question said, that the defense was wholly untenable. "The county court, in auditing claims against the county, is but its financial agent, and not a judicial body. It represents the county, and in the numerous prosecutions against it, from the earliest times, it has never been held that a rejected claim was *res adjudicata.*" See, also, *Marion Co. v. Phillips*, 45 Mo. 76; *Phelps Co. v. Bishop*, 46 Mo. 69.

Our attention has not been called to another case in which the question has been directly passed upon by this court, nor have we been able to find one, though expressions are found in decisions incidentally bearing on the subject which do not appear to be entirely in harmony with the foregoing cases. Thus in *Bank v. Franklin Co.*, 65 Mo. 112, it is said : "In consequence of these provisions of the statute it follows that each warrant, whether drawn on a general or special fund, for the statute makes no distinction, is both a judicial ascertainment and a written acknowledgment of indebtness by the county." Also in *State ex rel. Watkins v. Macon County Court*, 68 Mo. 49, NORTON, J., says: "We, therefore, think that in the ascertainment of what is due from a county and the fund out of which it is to be paid ( both of which must be determined before a warrant can be drawn) the court is acting judicially," citing the case against Franklin county, *supra,* in which, he says, the principle is fully enunciated. In the case first cited the court adds to what is quoted the significant language that the warrant when issued "is to all intents and purposes the promissory note of the county."

The judgments, even of inferior courts, when the jurisdictional facts appear upon the face of the proceedings are not subject to collateral impeachment for want of consideration of the matter adjudicated. The judgment is conclusive on that question. *Jeffries v. Wright*, 51 Mo. 220; *Smith v. Sims*, 77 Mo. 269. On the other hand a non-negotiable promissory note is

merely a contract between the parties, and, when sued upon, is subject to any defense that may be interposed in a suit on any other contract or promise. *Smith v. Sims, supra.* So it is evident that when the court says, in the *Franklin Co. case,* that the order for the issuance of a warrant is a judicial ascertainment of the amount owing by the county, it is not meant that the order of the county court has the effect and conclusiveness of a judgment.

Again in the case of *Gammon v. LaFayette Co.,* 79 Mo. 225, HENRY, J., says: "It [referring to section 5388] constitutes the county court the agent of the county to audit and settle demands against the county, and, although an appeal is allowed to the circuit court from the rejection by the county court of a demand against the county, yet, in the first instance, it is not strictly speaking a suit in the county court." In *Railroad v. St. Louis,* 92 Mo. 165, it is said, "these [county] courts are but the agents of the counties in the allowance of accounts."

The jurisdiction, powers and duties of county courts must be limited to those granted and defined by the law. *State ex rel. v. Harris,* 96 Mo. 37. The constitution gives them jurisdiction "to transact all county and such other business as may be prescribed by law." Sec. 36, art. 6. The business matters intrusted to those courts are numerous and of great variety. In some matters their duties are undoubtedly judicial, but in most of them their duties cannot be so classed. In matters in which they act judicially, appeals may be taken from their final determination of any case. R. S. 1879, sec. 1210.

Among the others, power is given them "to audit, adjust and settle all accounts to which the county shall be a party." The words used in conferring this power, "audit, adjust and settle," are words commonly used in reference to settlement of accounts in simple business matters, and do not imply in any respect an

adjudication of a controversy between the county and a citizen.

In auditing accounts there is no part of the proceeding which takes the form of a judicial proceeding. "No petition is filed, no parties are summoned to answer the demand and no issues are triable by a jury, except in the court's discretion." *Gammon v. LaFayette Co.*, *supra.* · It is true, in a certain sense, they act judicially, when they decide upon claims against the counties but not more so than the auditor or financial agent of a corporation or firm when he passes upon an account presented. It is true also that the right of appeal is given in case the account presented against the county or any part thereof be rejected. Sec. 1216. This appeal is specially provided and would be altogether unnecessary if the rejection of an account constituted a judgment. Appeals from judicial determination of cases are provided for by another section. *State v. Bollinger Co.*, 48 Mo. 478; *Railroad v. St. Louis*, 92 Mo. 163. The statute allowing appeals from their action in rejecting accounts could only have been intended to provide a convenient and inexpensive method for having a judicial determination of a matter about which the parties are unable to agree. That could hardly be called a judicial proceeding, in which the agent of one party sits in judgment upon the rights of the others.

It has been held by this court through an unbroken line of decisions since the case of *Marion Co. v. Phillips*, 45 Mo. 75, that the action of the county court in making settlements with county officials is not judicial, but that, in such cases, the judges act merely as the fiscal or administrative agents of the counties. *State v. Roberts*, 60 Mo. 402; *State v. Roberts*, 62 Mo. 388; *Cole Co. v. Dallmeyer*, 101 Mo. 57; *State v. McGonigle*, 101 Mo. 353. The action of county courts in auditing accounts is given no more sanctity by the law than that exercised in making settlements with county officers,

and their orders are not entitled to be clothed with superior verity.

We are not unmindful of the fact that the courts of several states have held that the acts of county and town boards, to which is committed the duty of auditing accounts, are judicial in their nature, and when within their jurisdiction have the conclusiveness of judgments. 2 Black on Judg., sec. 532, and authorities cited. As all such boards obtain their power and jurisdiction from the laws of the states creating them, the decisions in each state must necessarily depend upon the peculiarities of such laws and the policy of the state in making them.

We are well satisfied that the protection of the public from the mistakes, carelessness, incompetency or misconduct of public auditing boards is best subserved by an adherence to the rule which has been adopted in this state, and followed so many years. We do not think by the decision in the *Macon Co. case*, 68 Mo. 49, that a change of the rule was intended. No reference to former contrary decisions was made; the decision was not necessary to the conclusion reached, and the authority upon which it was made was entirely consistent with former rulings, and was, we think, wholly misconstrued. Our conclusion is that the judges of the county court in ordering the warrant sued upon were simply acting as the financial agents of the county, and the warrant has no more force or effect than the promissory note of the county, if authorized, would have, and was subject to the defense of a want of consideration.

Judgment affirmed. All concur.