## SCOTT COUNTY, *Appellant*, v. LEFTWICH.

### Division Two, June 14, 1898.

1. **County Courts**: AUDITING CLERK'S SALARY: APPEALS.   There is no appeal to the circuit court from the action of the county court in auditing the accounts of the circuit clerk and making an order on him directing him to pay into the county treasury the ascertained balance due from him to the county.   Such action is required by the statute, of the county court as ministerial officers, as a necessary preliminary to the bringing of a suit on the clerk's bond in the circuit court for such ascertained balance.

2. ———: ———: ———: DE NOVO MATTERS.   There is no appeal to the circuit court from the county court from an order touching issues and matters which that court can not try and determine anew. Therefore, as the circuit court has no power to direct the circuit clerk to pay into the county treasury within fifteen days the balance of fees received by him in excess of his salary and deputy hire, there can be no appeal from an order of the county court directing him to do these things, which order the statute authorizes the county court to make, and which is not a judicial determination of the amount due by the clerk, but merely the performance of a ministerial duty.

3. ———: SETTLEMENTS WITH EX-CLERKS: JUDGMENTS.   County courts have full power to settle with the circuit clerk after the expiration of his term of office, and to require him to pay into the county treasury any balance that may be due in excess of his salary and deputy hire. But after such settlements have been made, and the county court with full knowledge of all the facts approve the same and discharge him from further indebtedness to the county, they become conclusive judgments in law, and can not be impeached except for fraud or mistake of fact.

*Appeal from Scott Circuit Court.*—HON. HENRY C. RILEY, Judge.

REVERSED.

*Joseph L. Moore* and *J. W. Limbaugh* for appellant.

(1) The court erred in overruling appellant's motion to dismiss the appeal taken by respondent

from the order of the county court. Session Acts of 1891, pages 152, 153, 154, amending Revised Statutes 1889, sections 5009, 5010, and 5011. If was not a judgment, but an administrative order of the court. *Marion Co. v. Phillips*, 45 Mo. 75; *State v. Roberts*, 60 Mo. 402; *State v. Roberts*, 62 Mo. 388; *Cole Co. v. Dallmeyer*, 101 Mo. 57; *State v. McGonigle*, 101 Mo. 353; *Sears v. Stone Co.*, 105 Mo. 236. (2) It was only a preliminary administrative order, necessary to be made prior to a further order for suit on the clerk's bond, in the event he failed to pay over as ordered. And from such administrative order no appeal lies. *State ex rel. v. Dent*, 121 Mo. 162; *Aldridge v. Spears*, 101 Mo. 400; *Railroad v. St. Louis*, 92 Mo. 160; *Hall v. DeArmond*, 46 Mo. App. 596. (3) Appeals can be prosecuted from the orders and judgments of county courts "only when in the nature of the case the circuit court can try the matter anew and give such judgment as the county court should have given." *Sheridan v. Flemming*, 93 Mo. 321; *State v. Co. Court*, 47 Mo. App. 647; *Bean v. Co. Court*, 33 Mo. App. 635. (4) Nor could that order be pleaded as *res. adjudicata* to prevent a subsequent court from passing upon and adjusting the settlements in the manner required by law. *Reppy v. Jefferson Co.*, 47 Mo. 68; *Sears v. Stone Co.*, 105 Mo. 236.

*Marshall Arnold* for respondent.

(1) The question presented is not whether the stated accounts or settlements of county officials, made with the county court, are administrative in their character, and therefore, not appealable, but whether after the officer has duly filed and presented such statements to the county court, and after he has gone out of office, an order of the court, made on him, without

the semblance of process, or notice of any kind, verbal or written, to pay over a sum of money, found by the court to be due the county on such settlements, can be appealed from. *Owens v. Andrew Co.*, 49 Mo. 372; *Cole Co. v. Dallmeyer*, 101 Mo. 63; *State v. Allen*, 92 Mo. 20. (2) The order of the county court of March 6, 1895, was a judicial ascertainment of respondent's liability to the county. *State v. Hickman*, 84 Mo. 74; *Owens v. Andrew Co.*, 49 Mo. 372; *Cole Co. v. Dallmeyer*, 101 Mo. 63. And, as the returns or settlements are admitted to be correct, such order is final. *State v. Henderson*, 44 S. W. Rep. 739. An appeal lies from orders final or judicial in their character. *Aldridge v. Spears*, 101 Mo. 405. (3) The authority conferred on the county court by section 5011, Revised Statutes 1889, amended by Session Acts 1891, section 32, page 154, in no wise detracts from the final and judicial character of the order. That is a mere mandatory direction to be complied with, preliminary to commencing suit. The default of the officer had previously been adjudged. *State v. Dent*, 121 Mo. 162. (4) But if said order is a · nullity, still an appeal lies therefrom; and the effect of such approval would be to invest the appellate court with such jurisdiction as may be necessary to reverse the cause and dismiss the proceeding. *Waters v. Walker*, 17 S. W. Rep. 108; *Gist v. Loring*, 60 Mo. 487; *Haggard v. Railroad*, 63 Mo. 302; *Rohland v. Railroad*, 89 Mo. 180; *State v. Gowing*, 27 Mo. App. 389; *State v. Allen*, 92 Mo. 20. (5) Said order is invalid because at a former term the court determined, as a matter of law, that respondent was entitled to retain the fees in controversy. The mistake made, if any, was in supposing that respondent was entitled to more fees than are allowed him by law. This mistake of law can not affect the validity and binding force of said

order. *State v. Hickman*, 84 Mo. 74; *State v. Ewing*, 116 Mo. 129; *State v. Shipman*, 125 Mo. 436.

GANTT, P. J.—This is an anomalous proceeding. The defendant Leftwich was the duly elected and qualified circuit clerk of Scott county during the years 1891, 1892, 1893 and 1894. He ceased to be clerk of said court June 18, 1894. In the fall of 1894 the county court approved all of his quarterly statements of fees theretofore filed from time to time, as required by statute, and discharged him from further accounting. At the March term, 1895, the new county court of said county, made an entry on its record reciting that it appearing from the quarterly statements of fees of John M. Leftwich, clerk of the circuit court during the years 1891, 1892, 1893 and 1894, that he had collected fees of his said office, in the aggregate as follows:

The amount collected for the year 1891. . . . . . . . . . . . . . . . . . . . . $1,857.26
Compensation allowed him by law was. . . . . . . . . . . . . . $1,100.00
And for deputy hire. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    300.00

                                                                                  1,400.00
     Balance due the county. . . . . . . . . . . . . . . . . . . . . . . . .$  457.26
The amount collected for the year 1892. . . . . . . . . . . . . . . . . . .$1,745.90
Cr. by salary and deputy hire. . . . . . . . . . . . . . . . . . . 1,400.00

     Balance due county. . . . . . . . . . . . . . . . . . . . . . . . . . .$  345.90
Amount collected during 1893. . . . . . . . . . . . . . . . . . . . . . . . . $2,377.55
Cr. by salary and deputy hire. . . . . . . . . . . . . . . . . . . . 1,400.00

     Balance due county . . . . . . . . . . . . . . . . . . . . . . . . . . . .$  977.55
Amount collected in 1894. . . . . . . . . . . . . . . . . . . . . . . . . . .$  798.35
Less salary and deputy hire. . . . . . . . . . . . . . . . . . . . . . .   678.75

     Balance due county . . . . . . . . . . . . . . . . . . . . . . . . . . $  119.60

Making a total of $1,900.31 in excess of salary and deputy hire for said years, and recited that no order had been made on him to pay said balances into the county treasury and concluded with the following order: "It is now therefore ordered and directed that said John M. Leftwich pay into the county treasury of

Scott county said several balances of fees in his hands for said years, to wit:

"For the year 1891, the sum of $457.26.

"For the year 1892, the sum of $345.90.

"For the year 1893, the sum of $977.55.

"For the year 1894, the sum of $119.60.

"Making a total sum of nineteen hundred dollars and thirty-one cents. It is further ordered that a certified copy of this order be served on the said John M. Leftwich and that he pay said money into the county treasury within fifteen days from and after the date of such service. Hon. Wm. H. Bugg, presiding judge, dissenting."

No notice was given or process issued to said Leftwich to show cause why such order should not be made. Leftwich, however, being verbally advised by one of the county judges of the said action of the said court, came into court on the same day and filed the following motion to set aside said order: "Comes now John M. Leftwich, and for the purpose of this motion only, moves the court to set aside the order requiring him, the said John M. Leftwich, to settle for fees collected in the years 1891, 1892, 1893 and 1894 by said John M. Leftwich, late clerk of the circuit court and *ex-officio* recorder within and for the county of Scott and State of Missouri; for the reason that this court has no jurisdiction." Which motion the county court overruled and thereupon Leftwich prayed an appeal to the circuit court and filed his affidavit and bond, and said appeal was granted and his bond approved.

In the circuit court at the April term, 1895, the county moved that Leftwich's appeal be dismissed because no appeal lies from the order of the county court in said matter, which motion the circuit court overruled. Thereupon Leftwich filed his plea in abatement, alleging that the county court had no jurisdiction

to make said order to pay over said fees; that he had already accounted for said fees and been discharged; that he was not clerk of said county when said order was made without notice to him, and without appearance on his part and prayed that said proceeding be dismissed. Upon a hearing the circuit court sustained the plea to the jurisdiction, and adjudged that the county take nothing by its writ and defendant go hence without a day and recover his costs. Motions for new trial and in arrest were duly filed and overruled and the county appealed to this court.

I. The first proposition advanced by the counsel for the county is that no appeal is allowed by our statute from the order of the county court. Section 3318, Revised Statutes 1889, confers appellate jurisdiction on the circuit court "from the judgments and orders of county courts." Section 3434 provides that in all cases of appeal from the final determination of any case in a county court, such appeal shall be prosecuted to the appellate court in the same manner as is now provided by law for the regulation of appeals from justices of the peace to the circuit courts and when the case is removed into the appellate court, it becomes possessed of the cause, and shall proceed to try it *de novo*, without regarding any defect in the county court proceedings. The language of section 3318 is exceedingly broad and comprehensive and when read, as we think it must be, in connection with section 3434, being *in pari materia*, would include any final judgment or order having the effect of a final disposition of any cause or proceeding in a county court in which that court acts in a judicial character and not in its mere administrative capacity. *Colville v. Judy*, 73 Mo. 651. That an appeal does not lie from a mere ministerial order of the county court, in which it is acting as the fiscal representative of the county, has been uniformly ruled by

this court, both before and since the adoption of section 3318, Revised Statutes 1889, and section 1210, Revised Statutes 1879. *Tetherow v. Grundy Co. Ct.*, 9 Mo. 117; *St. Louis County v. Sparks*, 11 Mo. 201; *Railroad v. St. Louis*, 92 Mo. 160.

Looking now at section 5009, Revised Statutes 1889, as amended by the act of the General Assembly of 1891, Laws of Missouri 1891, pages 152 and 153 and section 5011, and Laws of Missouri 1891, page 154, section 32, we find that it is made the duty of the circuit clerk to make quarterly returns of all fees by him collected for all services whatever and the county court is required at such regular session to examine such statement and allow all necessary clerk or deputy hire not exceeding the amount specified in section 5010, and make an order directing the clerk to pay any excess over his salary and deputy hire into the county treasury and it is made the duty of the clerk within fifteen days after such order to pay such excess into the treasury, and if he fail to do so the county court shall cause suit to be brought on the official bond of such clerk for such excess. From this synopsis of the sections mentioned we think the county court in passing upon these statements only acts in its administrative capacity, as it does in making settlements with other county officials, and no more sanctity is given to its decision in examining such statements than is accorded to its settlements with county officers, and it has been held through an unbroken line of decisions by this court that the county courts in making those settlements do not act judicially. *Marion Co. v. Phillips*, 45 Mo. 75; *State to use v. Roberts*, 60 Mo. 402; *State to use v. Roberts*, 62 Mo. 388; *Cole Co. v. Dallmeyer*, 101 Mo. 57; *Sears v. Stone Co.*, 105 Mo. 236.

Moreover the statute on its face does not purport to give the court's decision the sanctity of a judgment

nor confer upon it the power of enforcement. It is simply the preliminary step of auditing the account, but the power to enforce the result is admitted to be in the circuit court, as is obvious from the requirement that the county court shall order that suit be brought on the bond of the clerk for such excess. If a judgment, and clothed with the presumption of absolute verity, why remit the county to a suit on the bond in the circuit court? This court has held also that appeals from the county to the circuit court are only allowed where in the nature of the case the circuit court can try the matter anew, and give such judgment as the county court should have given. *Sheridan v. Fleming*, 93 Mo. 321. The circuit court in this case, if it had found that Leftwich still retained in his hands an amount in excess of his salary and deputy hire, was not authorized to direct him to pay that amount into the treasury, and in default for fifteen days, direct suit on his bond. By the terms of the statute the duty of finding the excess and ordering it paid into the county treasury and if default be made, of directing suit on the clerk's bond, is vested exclusively in the county court, and constitute conditions precedent to commencing and maintaining the action in the circuit court. It was never intended in our opinion that the circuit court should first investigate and find a balance in the hands of the clerk, and then send the county out of court to bring a suit in the circuit court. It seems clear to us that the auditing of the salary and the order to pay into the treasury are statutory conditions precedent to the bringing of the suit on the bond which must be performed by the county courts, but in so doing they are not acting in their judicial capacity as a court and that no appeal lies therefrom to the circuit court.

The contention of the defendant that the county court had no power after he ceased to be clerk to audit

his statements and make the order as to the excess, can not be supported. 'Nor do we see why respondent should insist on this position since as we understand the record the county court made a final settlement with him in September, 1894, after he had ceased to be clerk. To avoid further contention on this point we say now that we have no doubt whatever of the power of the county court as the financial agent of the county to settle with circuit and county clerks even after their terms of office expire, and such settlement so made can only be impeached for fraud or mistake of fact. *Callaway County v. Henderson*, 139 Mo. 510; *State ex rel. v. Ewing*, 116 Mo. 136; *State ex rel. v. Shipman*, 125 Mo. 436. So that if it should turn out, as argued by defendant, that the county court with full knowledge of all the facts, settled with defendant and gave him a final acquittance prior to the institution of these proceedings, that settlement will be a conclusive bar to any action for any fees accounted for therein, notwithstanding the county court may have erred in its construction of the law.

As no appeal was authorized from the order of the county court, however invalid it might have been for want of notice, or because the question of fees had been adjusted in a final settlement with the preceding county court, the circuit court acquired no jurisdiction to do more than dismiss the proceeding, and hence it erred in hearing the cause, and in rendering judgment on the effect of the order of the county court, and in taxing the county with the costs and its judgment is reversed. SHERWOOD and BURGESS, JJ., concur.