THE STATE ex rel. CHRISTIAN COUNTY, Appellant, v. GIDEON et al.

Division One, November 12, 1900.

1. **Circuit Clerk and Recorder:** FAILURE TO MAKE CORRECT REPORTS: ORDER: DEMURRER. In an action by the county on the bond of the circuit clerk and *ex officio* recorder, based on his failure to make true returns of the fees received by him as such officer, and asking for judgment for the amounts in excess of those returned by him,

it is not necessary that the petition allege an order of the county court requiring him to pay over such excess or that by an order of record the court ascertained what such excess was. And if the petition contain such allegations, a demurrer thereto, that such orders were made long after the clerk had gone out of office and quarterly settlements in the nature of judgments had been made with him, can not be sustained. Nor can such demurrer be sustained on the ground that such orders were *ex parte* as to the clerk. In an action based on such a breach of the bond, all reference to such subsequent orders of the court may be stricken out of the petition without impairing the cause of action.

2. ———: ———: CAUSE OF ACTION: JUDGMENT. The circuit clerk is liable on his bond, after he has gone out of office, for a failure to make a true return of the fees received by him as such, and the State, at the relation of the county, may recover judgment for the excess of fees received over those returned, and any approval by the county court of his quarterly returns or settlements, if they do not embrace the excess sued for, is not a judgment, and does not bar an action for such excess.

3. ———: FAILURE TO TAX STENOGRAPHER'S FEES. The circuit clerk is liable on his official bond for the amount of stenographer's fees, allowed and required by law to be taxed, which he has failed and neglected to tax up against parties litigant in his court.

Appeal from Christian Circuit Court.—*Hon. James T. Neville*, Judge.

REVERSED AND REMANDED.

*W. A. Long, J. C. West* and *Jas. R. Vaughan* for appellant.

(1) In its settlements with county officials, for fees collected, or other funds, the county court acts in a ministerial or administrative capacity, and its acts not being judicial have not the conclusive effect of ordinary judgments. Marion County v. Phillips, 45 Mo. 75; State to use v. Roberts, 60 Mo. 402; State to use v. Roberts, 62 Mo. 388; Cole County v. Dallmeyer, 101 Mo. 57; Sears v. Stone County,

105 Mo. 236; Scott County v. Leftwich, 145 Mo. 26. And where the clerk fails to report items or fees collected by him, and the court makes a settlement with him in ignorance thereof, neither the law of contracts holding such settlements valid until set aside, nor the doctrine of *res adjudicata* can apply. Callaway County v. Henderson, 139 Mo. 510; State ex rel. v. Ewing, 116 Mo. 136; State ex rel. v. Henderson, 142 Mo. 598. (2) In order to recover, it was not necessary to have set aside, through legal proceedings, the approval of his quarterly settlement wherein this allowance was made to him. Upon proof of fraud, the settlement would be ignored. The settlement as to it became a nullity. State ex rel v. Roberts, 60 Mo. 402; McFarland v. Railroad, 125 Mo. 253; Homeuth v. Street Railway, 129 Mo. 629; Isaacs v. Skrainka, 13 Mo. App. 593. It is not necessary to set aside a fraudulent conveyance before recovery in ejectment can be had. Chandler v. Bailey, 89 Mo. 643; Potter v. Adams, 125 Mo. 118. All transactions which are permeated with fraud or based upon fraud, become nullities, when such fraud is proven upon an issue properly raising it, as was done in this case.

*Watson & Pepperdine* for respondents.

BRACE, P. J.—This is an appeal from a judgment of the Christian County Circuit Court sustaining a demurrer to the plaintiff's petition. The petition is as follows:

"The plaintiff states that on the 4th day of November, 1890, the said Martin V. Gideon having been elected to the office of Clerk of the Circuit Court of said county, he thereby became ex-officio Recorder of Deeds of said county, and on said day he as the principal, and the remaining defendants as his securities, made and entered into a bond payable to the State of Missouri in the penal sum of seven thousand

dollars, conditioned as follows: That if he, the said Martin V. Gideon, should faithfully perform the duties of his office as clerk of the circuit court of said county, and should pay over all moneys which might come to his hands by virtue of his said office, and should himself, or by his executors or administrators, deliver to his successor in office safe and undefaced all the books, records, seals, apparatus and furniture belonging to such office then said bond was to be void but otherwise was to remain in full force and effect in law. As a breach of the condition of the said bond the said plaintiff states that the said Martin V. Gideon as such clerk and ex-officio recorder of deeds failed and neglected to keep a correct account of all fees received by him as such officer, as by law required, and to make quarterly returns to the county court of said county of all fees received by him to the dates of said returns, as required by law; that while he made returns and therein pretended to include all of such fees and moneys received from all sources as such fees, his said returns and statements were false, fraudulent and incorrect, and that said Gideon as such clerk omitted from such returns and statements the sum of three dollars for the first quarter of 1891; the sum of $96.55 for the third quarter of 1891; and the sum of one dollar for the fourth quarter of 1891; the sum of $19.94 for the first quarter of the year 1892; the sum of $17.65 for the second quarter of the year 1892; the sum of $2.60 for the third quarter of the year 1892; and one dollar for the fourth quarter of 1892; for the first quarter of the year 1893, the sum of $5.60; for the third quarter of 1893 the sum of $186.25; for the second quarter of the year 1893 the sum of $50.35; and for the fourth quarter of said year the sum of $3.65; for the first quarter of 1894 the sum of $95.92; for the second quarter of the year 1894 the sum of $45.25; for the third quarter of the year 1894 the sum of $12.95; and for the fourth quarter of said year the sum of $11. That

while on account of the failure and neglect of the said Gideon, as such clerk, to keep correct accounts of all fees, and books showing the same, the exact date when such fees were received may not be accurately stated, the plaintiff avers that said clerk and ex officio recorder Gideon received during the year of 1891 the sum of $101.55; for the year of 1892 the sum of $41.19; for the year 1893 the sum of $245.85; for the year 1894 the sum of $165.12; all of which he failed and neglected to pay to the county treasurer or to said county, or to report or in any way to account for in his settlement with said court, and all of which he failed to report to said court as by law required, but falsely stated and represented to the said court that the fees which he did return and report were all that he had received as such clerk and recorder. That in addition to such fees he, the said clerk and ex officio recorder, received during the years 1891, 1892, 1893 and 1894 for recording deeds, mortgages and other instruments in writing which were required to be recorded under the laws of this State, the sum of $241.95; for recording justices' and other transcript fees, the sum of $56.80; for services rendered in the preparation and certification of pension papers as required by the laws of the United States the sum of $12; for fees, received by him in the acknowledgment of deeds and other instruments, the sum of $157.70; for fees received by him in back tax suits $100.70; fees for marriage licenses issued $21; fees paid him by the sheriff of Christian county, $61.07. That said Gideon, as such clerk and ex officio recorder of deeds, failed and neglected to keep any correct account of these fees, failed and neglected to report or include these fees and sums in any of his said settlements and that they were to that extent incorrect and fraudulent; that said Gideon, as such officer, likewise failed to pay said sums, or any of them, over to the said county or its treasurer, or in any way account for the same.

"Plaintiff states that the county court, after it had discovered that said Gideon, as such clerk, had failed to truly and correctly account for in quarterly settlements and statements to said court the fees and moneys received by him as such clerk and recorder, proceeded at the August term, 1896, of said court, and previous thereto, to ascertain the amount of such fees and moneys so received by said clerk and recorder and not reported, and did at said August term, 1896, ascertain, and by its order of record ascertain and set forth that such clerk and recorder had received in addition to all sums due him for salaries, clerk hire, deputies and assistants, and in excess of all sums allowed him by law for his own salary, for deputy hire, assistants and clerk hire, and all other sums allowed him by law, the sums and amounts above named and set forth, and did by its said order of record direct and order said Gideon, clerk, to pay into the treasury of said county the sums named above so found by said county court to be due said county, for fees collected and not reported for the times mentioned and stated above.

"Plaintiff states that at the time said clerk and recorder returned to said county court said quarterly settlements, the said court was not informed of the false and fraudulent character thereof, and had no knowledge of the omission therefrom of the items and amounts aforesaid until the February term, 1896, and relied upon the truth and correctness of the same and was thereby misled and induced to omit from said settlements the amounts aforesaid, and that said quarterly settlements were in fact fraudulent, null and void; that said Gideon, clerk and recorder, having failed and neglected for more than fifteen days after the making and delivery to him of a copy of said order, to pay said money and excess of fees into the treasury of said county as by law required, the said county court, by its order entered of record at its November term, A. D. 1896, ordered that an action be brought upon

the bond of said clerk for the said moneys, fees and funds, aforesaid, and ordered to be paid over; that on account of such failure to keep correct accounts of fees so received and report the same to said county court, to account for and pay over said moneys as so ordered, the plaintiff avers that it has been damaged in the sum of eighteen hundred dollars.

"And for another breach of the conditions of said bond, the plaintiff avers that at the quarterly settlement and return of said clerk for the last quarter of the year 1894, and as a part of said return and settlement it was set forth and represented to said county court that said clerk and recorder had paid out for salaries, assistants and clerk hire the sum of five hundred dollars in excess of what he had actually paid out and expended; that said statement and representation was untrue and was made for the purpose of defrauding said county court out of said sum of five hundred dollars; that said quarterly settlement made for the last quarter of the year 1894 was incorrect and fraudulent for the reasons above set forth, and that said county court was induced by the fraud and misrepresentation of said Gideon, as such clerk and recorder, and under a mistake as to the facts, to allow him credit in said quarterly settlement for said sum of five hundred dollars when he well knew he was not entitled to the same; that said county court at its August term, 1896, ascertained that said allowance of $500 was so fraudulently procured and made, and by its order directed said clerk Gideon to pay said sum, along with the other sums named, into the treasury of said county, but said clerk failed and neglected . to so do, and having so failed for the period of fifteen days the said county court did, at its November term, 1896, order that this action be brought upon the bond of said clerk aforesaid, for said sum of five hundred dollars; that on account of the matters and things aforesaid the plaintiff says that said county has been damaged in the sum of five hundred dollars

with interest on the same from January 1, 1896.

"And for another and further breach of the conditions of said bond, the said plaintiff avers that for the year of 1891 the said Gideon, as such clerk and ex officio recorder of deeds, failed and neglected to tax up against parties litigant in said court various stenographers' fees, or fees allowed and required by law to be taxed against the losing party in cases tried in said circuit court for the benefit of said county in amounts as follows, to-wit: For the year of 1891 the sum of fifty-six dollars; for the year of 1892 the sum of forty-six dollars: for the year of 1893 the sum of forty-two dollars; for the year 1894 the sum of thirty dollars; making in the aggregate the total sum of one hundred and seventy-four dollars; that said clerk failed to collect said sums for the benefit of said county, and failed in any way to report the same to said county court therefor, although said county court found in August settlement, 1896, made as aforesaid, that it, said county, was entitled to the same and ordered said clerk to pay the same into said treasury, and although said clerk, after the lapse of fifteen days after said settlement of said court and said suit had been ordered to be brought upon his said bond, persisted in said failure, by all of which said county is damaged in the sum of $174 with interest.

"The said plaintiff states that all of said sums are so due said county after all credits and deductions have been made on account of salary due said Gideon as clerk and recorder for himself, deputies and assistants, and were so found to be due by said county court.

"Wherefore plaintiff prays that its damages may be assessed at the sum of twenty-five hundred dollars; that it have judgment for the penalty of said bond; and that it have execution for the amount of said damages and for other proper relief."

The demurrer is as follows:

"Now comes Martin V. Gideon, Thomas J. Gideon, J. J. Pearce, John T. Nelson, J. J. C. Breazeale, defendants herein, and demur to plaintiff's petition for the following reasons, to-wit:

"1.   Because the petition does not state facts sufficient to constitute a cause of action.

"2.   Because the petition shows that M. V. Gideon, the principal in the bond sued on, was clerk of the circuit court and exofficio recorder of deeds for Christian county, Missouri, from January 1, 1891, to December 31, 1894, and that he made returns and statements of fees received by him as such clerk and recorder to each regular session of the county court of said county; that said quarterly settlements of said clerk were approved; that at no time during said four years did the county court of said county make any finding of an excess due said county on any of said settlements, nor make any order for said clerk to pay into the treasury the sums of money sued for, nor for any other sums.

"3.   Because the finding of the county court, referred to in the petition, was made at the February term, 1896, long after the expiration of the term of office of said M. V. Gideon, and at a time when said court had not and could not acquire jurisdiction of said M. V. Gideon to make any finding or order touching his settlements in any way binding on him.

"4.   Because the various settlements of M. V. Gideon made with the county court are in the nature of judgments, and are binding upon the county, and can not be set aside, modified or altered by the said county court, nor by this court.   That said order of the county court was ex parte as to said M. V. Gideon, and not binding upon him nor any of these defendants and in no way complies with the conditions precedent to a suit upon the official bond of said Gideon."

State ex rel. Christian County v. Gideon.

Counsel for respondent have filed no brief in support of the judgment and the particular ground upon which the demurrer was sustained is not shown by the record. It becomes necessary therefore to determine whether the demurrer can be sustained on any of the grounds therein set forth.

(1) By statute it was made the duty of the clerk "to make return quarterly to the county court of all fees by him received to date of return;" "and of the salaries by him actually paid to his deputies or assistants," including in the statement, "all fees for all services of whatever character done in his official capacity," and "giving the name of each deputy or assistant, the length of time each was employed, and the amount of money paid to each." Thereupon it became the duty of the county court at each regular session to examine such statements, deduct from the aggregate amount received by the clerk the amounts allowed him by law for his services and for necessary clerk or deputy hire and if after such deduction there was a balance still in the hands of the clerk, "to make an order directing such clerk to pay the amount so ascertained into the county treasury." Thereupon it became the duty of the clerk within fifteen days after such order had been made to pay into the county treasury the amount of money so ordered to be paid, taking duplicate receipts therefor, one of which it was his duty to file in the office of the clerk of the county court, and in case of his failure "to pay the amount of money so ordered to be paid into the county treasury, and file the receipt therefor, within the said fifteen days," it became the duty of the county court to "immediately cause suit to be commenced on the official bond of such clerk for such amounts of money, together with interest, at the rate of twenty per cent per annum from the end of said fifteen days till paid." [Revised Statutes 1889, secs. 5009, 5010 and 5011; Laws 1891, pp. 152, 153 and 154, secs. 30, 31 and 32.]

While the statute prescribes the mode of procedure for the recovery of the balance ascertained to be due upon the quarterly settlements of the clerk, and in such an action, it was held in State ex rel. v. Dent, 121 Mo. 162, that an order, requiring him to pay over the excess to which he was not entitled, and in case of his failure to do so, an order requiring suit to be brought on his bond, were conditions precedent, without which such action could not be maintained.  It did not undertake to prescribe the mode of procedure for the recovery of damages for a breach of duty by the clerk in failing to make true and proper returns as required by the statute.  The breaches assigned in the petition in this case are not for failure to pay over the excess found to be due on the settlements with the clerk, but for his failure to make true returns by which such excess could have been properly ascertained.  To such a case the orders required by this statute are obviously not applicable, and their existence or averment is not essential to plaintiff's cause of action, as has been expressly ruled by this court.  [State ex rel. v. Chick, 146 Mo. 645; State ex rel. v. Henderson, 142 Mo. 598; Callaway Co. v. Henderson, 139 Mo. 510.]  As the subject-matter of this suit was not the balance found to be due on the quarterly settlements of the clerk, and no order of the county court thereupon was essential to the plaintiff's cause of action, the allegations of the petition as to the action of the county court in 1896 after the expiration of the clerk's term of office, were superfluous, and not essential to the statement of plaintiff's cause of action, and it follows that the demurrer can not be sustained on the grounds assigned in the second, third, or the last paragraph of the fourth objection to the petition, which are aimed at such allegations.  These allegations might have been stricken out, and plaintiff's cause of action would still have remained unimpaired.

Vol. 158 mo—22

(2)   Nor can the demurrer be sustained on the ground stated in the first paragraph of the fourth objection, i. e., that "the various settlements of said M. V. Gideon with the county court are in the nature of judgments, and are binding upon the county, and can not be set aside, modified or altered by the said county court nor by this court."

In Scott County v. Leftwich, 145 Mo. loc. cit. 32, it was ruled as to these quarterly settlements of the clerk under this statute, that "the county court in passing upon these statements only acts in its administrative capacity, as it does in making settlements with other county officials, and no more sanctity is given to its decision in examining such statements than is accorded to its settlements with county officers, and it has been held through an unbroken line of decisions by this court that the county courts in making those settlements do not act judicially. [Marion Co. v. Phillips, 45 Mo. 75; State to use v. Roberts, 60 Mo. 402; State to use v. Roberts, 62 Mo. 388; Cole v. Dallmeyer, 101 Mo. 57; Sears v. Stone Co., 105 Mo. 236."]   In the last case cited, 105 Mo. loc. cit. 242, it is said that "it has been held by this court through an unbroken line of decisions since the case of Marion Co. v. Phillips, 45 Mo. 75, that the action of the county court in making settlements with county officials is not judicial, but that, in such cases the judges act merely as the fiscal or administrative agents of the counties."   The principal laid down in the Marion County case, which has since been uniformly followed, is thus stated in the language of BLISS, J., after an exhaustive review of the authorities:   "We hold, then, that the defendant in the case at bar, in making his settlement with the county court of Marion county, settled and adjusted his claims and liabilities with the public agents of the county; that the entry upon the records of the court was not a judgment at law, but the record of the results of that settlement—a statement of his account, as adjusted

between him and the county—and that any mistake in that settlement clearly proved is open to correction, and in the same manner as though it were made with an individual." [45 Mo. 80.]

And in State to use of Carroll Co. v. Roberts et al., which was an action against the collector and the sureties on his official bond, the doctrine was thus applied by this court, speaking through NAPTON, J.: "Settlements made with the county court in regard to administrators, guardians, etc., may properly be considered as judicial acts, since they are judgments of a court on proceedings *inter partes* in which there is notice required, and in which the county and the court are not interested. In settlements with collectors, it is a mere accounting between principal and agent or between a supervising agent and the subordinate. I refer to the opinion of Judge BLISS, in 45 Mo. 77, where the learned judge has fully discussed this point and established this discrimination, with the sanction of all the court. It is now insisted, however, that no suit could be instituted against the sureties of the collector, until there had been a suit in equity to set aside the settlement. Undoubtedly, if this settlement could be regarded as a judgment, in a suit or proceeding where the sureties were not parties, it might be a protection to them until set aside. Such has been decided to be the law in regard to settlements of adminitstrators, guardians, etc. But in this case it is not perceived how this settlement operates with more efficacy than an ordinary receipt. If a sheriff should receive, on an execution, double the amount he receipts for, would the plaintiff in the execution have to go into a chancery proceeding to set aside the receipt? The sureties on his bond are responsible for breaches of it, and although the receipt in the case supposed and the settlement in the case now under consideration, are certainly *prima facie* evidence in favor of both the sheriff and his sureties, neither can be

pleaded as a bar to the action.    They may both be explained or set aside as made through fraud or mistake.    Why require two suits to settle what can as well be determined in one?"

That it was the duty of Gideon as clerk to make correct return quarterly of all fees received by him, and of the salaries by him actually paid to his deputies or assistants, and that in failing to do so, by returning only a part of said fees, and falsely returning the amount paid for salaries to his deputies, as charged in the first two counts of the petition, he committed breaches of his bond, for which the plaintiff has a cause of action, is beyond question.    And applying the doctrine of the cases cited, it is quite clear that the plaintiff is not precluded from asserting that cause of action by the approval by the county court of such false statements in ignorance of their falsity.

Moreover, the case is far within that doctrine, and does not call for the full extent of its operation.    For the court never passed upon the fees which were not returned, and its approval of these quarterly statements can scarcely be dignified with the name of settlements, certainly not of final settlements, such as are made by collectors, executors, administrators, guardians, and other officers at the close of their trusts, or official terms.    They are more analogous to the intermediate or annual settlements of such officers which have ever been held to be only *prima facie* correct.    They are not final adjudications of the subject-matter in a suit, but a preliminary and provisional ascertainment for the purposes of a suit which is to be brought in the circuit court.    Hence it was held in Scott County v. Leftwich, *supra,* that these settlements are simply preliminary steps in auditing the account of the officer, and do not preclude even the county court from making a final settlement with him after the expiration of his term.

The court therefore erred in sustaining the demurrer to

the first two counts in the petition, which despite their super-fluities and on account of which they were obnoxious to proper motions that might have rendered them more definite and certain, nevertheless, contain breaches well assigned.

(3) The remaining question is on the breaches assigned in the third count for the failure of the clerk to tax the ste-nographers' fees during his term. While the defendants may have had good reason to complain that the cause of action therein stated is encumbered with superfluous matter, and not stated with sufficient particularity, it can not be claimed that it fails to state a cause of action. Under the statute it was the duty of the clerk to tax these fees, "to be collected as other costs, and thereupon to be paid by said clerk to the county treasurer." [R. S. 1889, secs. 8249 and 8250.] If he failed to tax them they could not be collected and paid to the county treasurer, and if by reason of such failure the county lost fees which could have been collected, if they had been taxed, the county was damaged by the failure of the clerk to discharge his duty in this particular, and has a right of action on his bond for such damages. The court therefore erred in sustaining the demurrer to this as well as to the other counts of the petition. For which errors the judgment on the demurrer will be reversed and the cause remanded to be proceeded with in accordance with the views expressed in this opinion.

All concur.